884 F.2d 205
 58 USLW 2213
 TRILAND HOLDINGS & CO., Plaintiff-Appellant,
v.
SUNBELT SERVICE CORP., et al., Defendants,
Federal Savings & Loan Insurance Corp., As Receiver for
Sunbelt Savings Association of Texas,
Defendants-Appellees.
TRILAND INVESTMENT GROUP, Plaintiff-Appellant,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORP., As Receiver for
Sunbelt Savings Association of Texas, Defendant-Appellee.
BRAZOS PARK, INC., et al., Plaintiffs-Appellants,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORP., Receiver of
Mainland Savings Association, Defendant-Appellee.
AMISTAD CONSTRUCTION CO., Plaintiff-Appellant,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORP., As Receiver for
Mainland Savings Association, Defendant-Appellee.
 Nos. 89-1026, 89-1100, 87-1349 and 87-2955.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 22, 1989.
 
 Richard Jackson, Tresi Moore Freemyer, Richard Jackson & Associates, Dallas, Tex., for plaintiff-appellant in nos. 89-1026 and 89-1100.
 David G. Eisenstein, Asst. Gen. Counsel, Washington, D.C., for amicus curiae Federal Home Loan Bank Bd. and FSLIC, corporate capacity.
 Kirk K. Van Tine, Robert L. Asher, Washington, D.C., Charles R. Haworth, Patrick E. Longan, Andrews & Kurth, Dallas, Tex., for FSLIC.
 Philip P. Sudan, Jr., Houston, Tex., for plaintiff-appellant in no. 87-1349.
 O. Clayton Lilienstern, John P. Courtney, Kathleen E. Fenwick, David G. Eisenstein, David A. Felt, Washington, D.C., for defendant-appellee in no. 87-1349.
 William M. Coats, Nancy Manderson, Houston, Tex., for plaintiff-appellant in no. 87-2955.
 Lee R. Larkin, Kathleen F. Fenwick, Houston, Tex., for defendant-appellee in no. 87-2955.
 Appeals from the United States District Court for the Northern, Western and Southern Districts of Texas.
 Before GARZA, REAVLEY and POLITZ, Circuit Judges.
 REAVLEY, Circuit Judge:
 
 
 1
 These consolidated appeals originally presented problems of federal jurisdiction to adjudicate actions to which the Federal Savings and Loan Insurance Corporation (FSLIC), acting as a federally appointed receiver for state-chartered savings and loan associations, is a party. By the time of submission to the panel, however, the Supreme Court and Congress had eliminated the problems and established federal jurisdiction. We therefore remand these cases to the district courts for further proceedings.
 
 I.
 
 2
 In No. 89-1100, Triland Investment Group ("Triland Investment") originally filed suit against Sunbelt Savings Association ("Sunbelt Savings") and Sunbelt Service Corporation ("Sunbelt Service") in the 191st Judicial District Court of Dallas County, Texas, alleging violation of state usury laws and breach of contract. Subsequently, the Federal Home Loan Bank Board (FHLBB) declared Sunbelt Savings insolvent and appointed FSLIC as receiver. On September 13, 1988, FSLIC removed the case to the United States District Court for the Northern District of Texas.
 
 
 3
 In No. 89-1026, Triland Holdings & Co. ("Triland Holdings") originally filed suit against Sunbelt Savings and Sunbelt Service in the 193rd Judicial District Court of Dallas County, Texas, alleging violation of state usury laws. On September 12, 1988, after FHLBB had appointed FSLIC as receiver for Sunbelt Savings, FSLIC removed the case to the United States District Court for the Northern District of Texas.
 
 
 4
 In No. 87-2955, Amistad Construction Company ("Amistad") originally filed suit against FSLIC, as receiver for Mainland Savings Association ("Mainland"), in the 189th Judicial District Court of Harris County, Texas, alleging breach of contract and, alternatively, claiming a right to recover in quantum meruit or under the doctrine of promissory estoppel. On April 30, 1987, FSLIC removed the case to the United States District Court for the Southern District of Texas.
 
 
 5
 In No. 87-1349, appellants Brazos Park, Inc., Leonard Blaylock, III, and Waxahachie Park I, Ltd., hereinafter Brazos Park, originally filed suit against Mainland and FSLIC, as receiver for Mainland, in the 74th Judicial District Court of McClennan County, Texas, alleging breach of a promise to modify a loan agreement, fraud, and violations of the Texas Deceptive Trade Practices Act, and seeking an injunction preventing foreclosure on a certain piece of property. On March 23, 1987, FSLIC removed the case to the United States District Court for the Western District of Texas.
 
 
 6
 Following removal of each of these proceedings, FSLIC filed motions to dismiss asserting that federal law granted FSLIC and FHLBB exclusive authority to oversee and administer the liquidation of failed savings and loan associations and contending that the district courts lacked subject matter jurisdiction to adjudicate the plaintiffs' claims. In two of the cases, those involving Triland Investment and Triland Holdings, FSLIC also contended that even if the district courts had subject matter jurisdiction, the cases should be dismissed because the court could grant no relief. According to FSLIC, Sunbelt Savings' receivership estate lacked assets to satisfy the plaintiffs' claims and the actions therefore were moot.
 
 
 7
 The district court in each case dismissed the claims against FSLIC, relying on North Mississippi Savings & Loan Association v. Hudspeth, 756 F.2d 1096 (5th Cir.1985), cert. denied, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), and its progeny. The courts concluded that they lacked subject matter jurisdiction to determine the validity of claims against FSLIC acting as receiver for a state-chartered savings and loan or to adjudicate the manner in which FSLIC allocated assets and liabilities.[1] The courts in the Triland Investment and Triland Holdings proceedings remanded the pendent state law claims against Sunbelt Service to state court.
 
 
 8
 The plaintiffs appeal from these orders.
 
 II.
 
 9
 It was originally asserted that the federal district courts lacked jurisdiction and that the proceedings were improperly removed from state court. The relevant jurisdictional statute at the time these cases were removed was 12 U.S.C. Sec. 1730(k)(1). Triland Holdings, Amistad, and Brazos Park each asserted that this provision did not provide the federal courts with jurisdiction to hear these actions.
 
 
 10
 The Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), which was signed by the President on August 9, 1989, eliminates any concern that the federal district courts may lack jurisdiction in these cases. Section 407 of FIRREA repeals Sec. 1730(k)(1) and Section 209 of FIRREA amends 12 U.S.C. Sec. 1819, which is now the relevant jurisdictional provision. As amended, Sec. 1819 provides:
 
 
 11
 (2) Federal Court Jurisdiction.--
 
 
 12
 (A) In General.--Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
 
 
 13
 (B) Removal.--Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court.
 
 
 14
 ....
 
 
 15
 (D) State Actions.--Except as provided in subparagraph (E), any action--
 
 
 16
 (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
 
 
 17
 (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
 
 
 18
 (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.
 
 
 19
 Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101-73, Sec. 209, 103 Stat. 183, 216-17 (1989) (emphasis added). Under this provision, the federal courts lack jurisdiction only in those cases that come within the terms of subparagraph (D). In each of the cases on this appeal, FHLBB, a federal entity, appointed FSLIC as receiver. As the emphasized language of the statute indicates, these cases do not come within the terms of subparagraph (D) and the federal courts do have removal jurisdiction.
 
 III.
 
 20
 In each of these cases the district court dismissed the actions against FSLIC. The courts, relying on a line of cases beginning with Hudspeth, 756 F.2d at 1096, concluded that federal courts lack authority to interfere with FSLIC administration of claims against savings and loan associations in receivership.
 
 
 21
 As FSLIC has recognized, that portion of the Hudspeth decision on which the district courts relied was overruled by the United States Supreme Court in Coit Independence Joint Venture v. Federal Savings & Loan Insurance Corp., --- U.S. ----, 109 S.Ct. 1361, 1368-76, 103 L.Ed.2d 602 (1989). Under Coit, federal district courts have jurisdiction to adjudicate the removed claims.[2]
 
 IV.
 
 22
 FSLIC also argues that the claims of Triland Investment and Triland Holdings should be dismissed as moot. Although FSLIC raised the mootness issue in both district court proceedings, the district courts dismissed the actions on the subject matter jurisdiction ground. We will address the mootness issue. See St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S. 531, 537, 98 S.Ct. 2923, 2927, 57 L.Ed.2d 932 (1978); Donovan v. Air Transport, Dist. Lodge No. 146, 754 F.2d 621, 624 (5th Cir.1985).
 
 
 23
 Both Triland Investment and Triland Holdings seek damages as their primary remedy. The general rule is that "[c]laims for damages or other monetary relief automatically avoid mootness, so long as the claim remains viable. Damages should be denied on the merits, not on grounds of mootness." 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Sec. 3533.3, at 262 (1984). FSLIC, however, argues that Sunbelt Savings has no assets with which to satisfy a judgment that might be rendered against it, and thus even if Triland Holdings and Triland Investment are successful in proving their claims in the district court they will be unable to collect. We have held that "[d]ifficulties in formulating a remedy in an otherwise living case do not evidence the absence of a case or controversy." Ratner v. Sioux Natural Gas Corp., 770 F.2d 512, 516 (5th Cir.1985). In Ratner, we went on to hold that "the mere possibility that a judgment debtor lacks the means to satisfy its monetary liability does not kill the issues in a case. An indigent defendant otherwise could defeat any lawsuit simply by asserting that his poverty moots the claims against him." Id. Thus, the possibility that at some point Triland Holdings and Triland Investment, if successful in their damages claims, will be able to collect is sufficient to make this a justiciable dispute.
 
 
 24
 In its appellate briefs, FSLIC responds by arguing that there will never be any assets with which to satisfy a judgment against Sunbelt Savings nor any means to collect from any other party, including FSLIC. If true, this contention would justify dismissal of these actions on prudential grounds. But on the record before this court, we are unable to determine that there will never be any possibility of satisfying a favorable judgment. We are unable to conclude that all potential forms of relief are permanently precluded.
 
 V.
 
 25
 With regard to the Brazos Park appeal, FSLIC makes two additional claims. First, FSLIC argues that because the district court has not ruled on FSLIC's motion for attorneys' fees as sanctions, there is no final order for purposes of appeal. The district court's order denied Brazos Park all relief. The court's decision to postpone hearing FSLIC's sanctions motion does not render the court's order a non-final judgment. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 108 S.Ct. 1717, 1720-22, 100 L.Ed.2d 178 (1988). FSLIC also argues that Brazos Park's appeal is moot because FSLIC has already foreclosed on the property that Brazos Park brought its state court action to protect. The contention is frivolous. Brazos Park also brought damages claims, which have not been adjudicated and remain unaffected by the foreclosure.
 
 
 26
 We deny FSLIC's motions to dismiss Nos. 89-1100 and 89-1026 as moot. The judgments in all cases are reversed, and each case is remanded to the district court from which it was appealed.
 
 
 27
 REVERSED and REMANDED.
 
 
 
 [1]
 The plaintiffs in the Triland Holdings and Amistad proceedings had each filed motions to remand, alleging that the federal district courts lacked removal jurisdiction. Those motions were denied in the orders dismissing those cases
 The Brazos Park plaintiffs also filed a motion to remand. The court's April 7, 1987, order did not address the motion to remand but exercised jurisdiction to deny plaintiffs all relief.
 
 
 [2]
 Given our disposition of the jurisdictional issue, on remand the district courts in Nos. 89-1100 (Triland Investment) and 89-1026 (Triland Holdings) may, upon proper motion, reconsider their orders remanding to state court the pendent state law claims against Sunbelt Service. See Thermtron Prods. v. Hermansdorfer, 423 U.S. 336, 342-52, 96 S.Ct. 584, 588-94, 46 L.Ed.2d 542 (1976); In re Shell Oil Co., 631 F.2d 1156, 1157-58 (5th Cir. Unit A 1980)