**Michael Dwayne VEITCH**

**v.**

**OLD REPUBLIC INSURANCE COMPANY; Calvin C. Otte, Deputy Sheriff; James Wade, Sheriff; Sabine Title Company; Lawyer Title Insurance Company; Lieutenant James Henni-**

---

gan, Federal Savings and Loan Insurance Corporation, Receiver for First Texas Savings Association.

Civ. A. No. B–89–00066–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 28, 1989.

Michael B. Lee, David W. Bateman, Wanda L. McKee, Fouts & Moore, Houston, Tex., for FSLIC.

Ernest L. Sample, Beaumont, Tex., for intervenor Veitch.

## MEMORANDUM OPINION

COBB, District Judge.

The plaintiff the Federal Savings and Loan Insurance Corporation ("FSLIC") joined this action when it became receiver for First Texas Savings Association ("First Texas"). First Texas and the plaintiff Michael Dwayne Veitch ("Veitch") had filed an action in the Texas District Court for the 163rd Judicial District, Orange County, Texas, seeking, among other things, removal of a mechanic's lien from a piece of real estate. Veitch had then cross-claimed in that same action against First Texas for deceptive trade practices. First Texas was then put into receivership by FSLIC, which removed the action to this court. FSLIC now seeks dismissal of Veitch's cross-claims on the basis of mootness. That motion to dismiss is denied.

FSLIC argues that First Texas, and therefore FSLIC as its receiver, has no assets with which to satisfy any judgment Veitch may get against First Texas or FSLIC as receiver, and therefore Veitch's cross-claims should be dismissed as moot. FSLIC has not adequately alleged that there will never be any assets with which to satisfy a judgment against First Texas, and therefore FSLIC cannot prevail on its mootness claim.

The Fifth Circuit has specifically addressed the issue of mootness in situations involving FSLIC as receiver for insolvent savings and loans facing state law claims. *Triland Holdings & Co. v. Sunbelt Service Corp.*, 884 F.2d 205 (5th Cir.1989). In *Triland*, FSLIC argued that the state law usury and contract claims of Triland Holdings were moot, because Sunbelt was insolvent, and had no assets with which to satisfy any judgment Triland could obtain against Sunbelt. The Fifth Circuit held that simply "the possibility that at some point Triland Holdings and Triland Investment, if successful in their damage claims, will be able to collect is sufficient to make this a justiciable dispute." *Triland*, 884 F.2d at 209. The Fifth Circuit could not find, based on the record before it, that "there will *never* be any assets with which to satisfy a judgment...." *Id.* (emphasis in original).

Similarly, this court cannot find, based upon the materials presented in the motion to dismiss, that there will never be any assets with which to satisfy any judgment Veitch could get against First Texas. Like Sunbelt, First Texas is insolvent and in receivership. That fact alone, however, is not sufficient to render Veitch's cross-claims moot. Like the Fifth Circuit, this court is "unable to conclude that all potential forms of relief are permanently pre-

cluded." *Id.* Accordingly, FSLIC's motion to dismiss is DENIED.