G.T. COX, The Cox Partnership, Kenneth J. Frisbie, K & A Children's Trust Number One, Richard A. Callaghan, Elizabeth W. Callaghan, the Children's Trust, Plaintiffs–Appellants,

v.

SUNBELT SAVINGS ASSOCIATION OF TEXAS, (FSLIC as Receiver For Sunbelt Savings of Texas) and Edwin T. McBirney, Defendants–Appellees.

No. 89–1145
(Summary Calendar).

United States Court of Appeals,
Fifth Circuit.

March 22, 1990.

Rehearing Denied April 19, 1990.

Tom Thomas and Beth Ann Madden, Kolodey & Thomas, Dallas, Tex., for plaintiffs-appellants.

Lee R. Larkin and Kathleen E. Fenwick, Andrews & Kurth, Houston, Tex., for Sunbelt Sav. Ass'n, FSLIC as receiver.

Edwin T. McBirney, Dallas, Tex., for Edwin T. McBirney.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

G.T. Cox, the Cox Partnership, Kenneth J. Frisbie, K & A Children's Trust Number One, Richard Callaghan, Elizabeth Calla-

ghan and the Children's Trust (collectively, "Cox") appeal the district court's dismissal for lack of subject matter jurisdiction of their claims against the now insolvent Sunbelt Savings Association of Texas ("Sunbelt"). The dismissal was based on our decision in *North Mississippi Savings and Loan Ass'n v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). The intervening decision by the Supreme Court in *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.,* — U.S. —, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), overruling *Hudspeth,* requires that we set aside the district court's judgment and remand for further proceedings consistent with Coit and our holding herein.

### Background

Cox filed suit in Texas state court against Sunbelt seeking damages for misrepresentations and breach of contract. The Federal Home Loan Bank Board ("Bank Board") subsequently declared Sunbelt insolvent and appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as receiver.[1] FSLIC intervened as receiver for the insolvent Sunbelt, removed Cox's case to federal court, and promptly moved for dismissal for lack of subject matter jurisdiction claiming federal law granted it exclusive authority to administer the liquidation of the failed institution. In a faithful application of our holding in *Hudspeth,* the district court dismissed the Cox complaint for lack of subject matter jurisdiction.

▮ In *Coit* the Supreme Court taught that FSLIC does not have the exclusive authority and jurisdiction to adjudicate state law claims against savings and loan associations for which it has been appointed receiver. Consistent with that teaching, Cox seeks a reversal and remand for trial. FSLIC responds that a remand would be futile because Sunbelt does not have and

---

1. FSLIC was dissolved by the recently enacted Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101–73, Section 401, 103 Stat. 183, 354 (1989). To mini-

mize confusion FSLIC will be used in this opinion to refer to FSLIC and its successor agency, the Resolution Trust Corporation.

will never have any assets to satisfy a judgment against it, and urges that we affirm the district court on the alternative ground of mootness.[2]

Resolution of this issue requires an examination of the procedures ordered by the Bank Board relative to the liquidation of Sunbelt and pertinent Texas law applicable to Cox's claims. As part of its day-to-day operations FSLIC oversees the nation's savings and loan institutions and assures that the thrifts comply with regulations adopted by the Bank Board.[3] Upon declaring a thrift insolvent, the Bank Board designates the FSLIC receiver and that agency takes control of the assets and liabilities of the failed association.[4]

As receiver for the insolvent Sunbelt FSLIC was authorized "(1) to take over the assets of and operate such association, (2) to take such action as may be necessary to put it in a sound and solvent condition, (3) to merge it with another insured institution, (4) to organize a new Federal savings and loan association to take over its assets, or (5) to proceed to liquidate its assets in an orderly manner, whichever shall appear to be to the best interests of the insured members of the association in default. . . ." 12 U.S.C. § 1729(b)(1). As statutorily mandated, the Bank Board charted the future course for the insolvent thrift. In doing so it decided that under the Texas statutory priority scheme for honoring the claims of creditors, Sunbelt's assets were insufficient to satisfy its secured creditors and depositors, thus rendering the claims of all other creditors worthless.[5]

Based on this assessment the Bank Board instructed FSLIC to enter into a transaction with Sunbelt F.S.B. ("New Sunbelt"), a newly-chartered federal savings and loan, wherein New Sunbelt acquired substantially all of Sunbelt's assets. In return, New Sunbelt assumed Sunbelt's liabilities to its depositors and secured creditors, but it did not assume responsibility for the claims of Sunbelt's unsecured creditors.

FSLIC contends that there are no assets in the Sunbelt receivership estate available to satisfy any judgment that Cox might obtain. FSLIC thus asserts that Cox's claims are moot. Cox counters with the argument, supported by the record, that the district court made no determination of the issue on the merits, and that there was no proof offered as to the value of the Sunbelt assets.

▮ The claim that a savings and loan association in FSLIC receivership lacks the assets to satisfy a judgment that might be rendered against it does not render a claim for damages moot as long as the possibility exists that the claimants might be able to collect the judgment at some point. *Triland Holdings & Co. v. Sunbelt Service Corp.*, 884 F.2d 205 (5th Cir.1989). In the instant case, FSLIC maintains that there will never be any assets with which to satisfy a judgment. If that assessment proves to be true, it would justify a dismissal of this action on prudential grounds. Id. However, the issue of the availability of assets was posed to the district court only in the context of FSLIC's argument

---

**2.** In defending a favorable judgment an appellee may offer alternative bases for upholding the trial court's judgment, provided there is support for the argument in the record. *United States v. American Railway Express Co.*, 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087 (1924); *Hoyt R. Matise Co. v. Zurn*, 754 F.2d 560 (5th Cir.1985).

**3.** *See generally* 12 U.S.C. § 1461–70 (1982 & Supp. IV 1986).

**4.** *See* 12 U.S.C. § 1729(d) (1982).

**5.** The Texas statutory priority scheme for honoring the claims of creditors requires that all valid claims in a class be satisfied before consideration of the next class. When a class cannot be

paid in full its members share the assets pro rata and the creditors in the remaining classes take nothing. Texas law establishes the priority of creditors' claims upon liquidation of a savings and loan association as follows:

    (1) administrative costs and expenses of the liquidator;
    (2) secured creditors to the extent of their security;
    (3) depositors with respect to their deposits;
    (4) general creditors;
    (5) those with otherwise proper claims that were not timely filed;
    (6) subordinated creditors; and
    (7) shareholders of the association.
Tex.Rev.Civ.Stat.Ann. art. 852a, Section 8.09(g) (Vernon Supp.1989).

for a *Hudspeth* dismissal. The claim of mootness based upon Sunbelt's total lack of assets was not presented until briefing before this court. Accordingly, "on the record before this court, we are unable to determine that there will never be any possibility of satisfying a favorable judgment. We are unable to conclude that all potential forms of relief are permanently precluded." *Triland,* 884 F.2d at 208. The plea of mootness is found wanting.

The judgment of the district court is REVERSED and the matter is REMANDED for further proceedings consistent herewith.