United States Court of Appeals,

Fifth Circuit.

No. 92-1489

Summary Calendar.

MCI TELECOMMUNICATIONS CORPORATION, Plaintiff-Appellant,

v.

CREDIT BUILDERS OF AMERICA, INC., Defendant-Appellee.

Jan. 12, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY, DUHÉ and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

MCI Telecommunications Corporation ("MCI") appeals the district court's *sua sponte* dismissal of MCI's suit to collect unpaid charges for telecommunications services provided to Credit Builders of America, Inc. ("Credit Builders"). The district court dismissed the case for lack of subject matter jurisdiction. We find no error and affirm.

## Background

From December 1990 through September 1991, MCI provided telecommunications services to Credit Builders in both Texas and Missouri. All services were provided in accordance with the terms of MCI's F.C.C. Tariff No. 1 (the "Tariff"), filed with the Federal Communications Commission. After allegedly not receiving any payment for services rendered, MCI terminated all telecommunication services to Credit Builders. In October 1991, MCI brought this action to recover $38,897.00 for amounts due from Credit Builders under the terms and conditions set forth in the Tariff, plus attorneys' fees and costs. MCI moved for summary judgment and the district court dismissed the case for lack of subject matter jurisdiction.

## Discussion

MCI contends that the United States District Courts have independent federal question

jurisdiction under 28 U.S.C. § 1331[1] and jurisdiction over matters arising out of the Communications Act under 28 U.S.C. § 1337.[2] MCI argues that the district court's dismissal of this case should be reversed based on *Ivy Broadcasting Co. v. American Telephone and Telegraph Co.,* 391 F.2d 486 (2d Cir.1968).

In general, to determine whether a cause of action "arises under" federal law for purposes of federal question jurisdiction, the Supreme Court has stated that a case arises under federal law if "it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." *Gully v. First Nat'l Bank,* 299 U.S. 109, 114, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). And it has been held that "federal common law," when it exists, is among the "laws of the United States" referred to in the jurisdictional statute, thus conferring federal question jurisdiction. *Illinois v. Milwaukee,* 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972).

The Second Circuit in *Ivy* held that "questions concerning the duties, charges, and liabilities" of carriers are to be governed solely by federal law. *Ivy,* 391 F.2d at 491. The court in *Ivy* concluded the federal interest in telephone companies is so strong and the legislation regulating such companies is so comprehensive that federal common law gives a remedy for tort or breach of contract even though the statutes provide no such remedy, either expressly or impliedly. *Id.* at 491. We are not persuaded by the reasoning in *Ivy.* In fact, the decision in *Ivy* has received much criticism. The decision has been referred to as "extreme" and "questionable."[3]

MCI cites to our decision in *Pennzoil Co. v. Federal Energy Regulatory Com.,* 645 F.2d 360, 385 (5th Cir.1981), *cert. denied,* 454 U.S. 1142, 102 S.Ct. 1000, 71 L.Ed.2d 293 (1982), as following the *Ivy* case. *Pennzoil,* however, cites to *Ivy* for the proposition that in order for all aspects of a contract subject to federal regulation to be governed by federal rather than state law, an

---

[1]Section 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[2]Section 1337 states: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress...."

[3]Charles A. Wright, *Law of Federal Courts* § 60 (4th Ed.1983).

independent indication of congressional policy indicating that the contract be ruled by federal common law must be present. *Pennzoil,* 645 F.2d at 385. The Court then goes on to distinguish the case at bar from the *Ivy* case. MCI's reliance on *Pennzoil* is misplaced. While we agree with the general proposition stated in *Ivy,* we believe that the *Ivy* court has gone too far in making "further inroads ... upon the clear provisions of the Rules of Decision Act on the vague grounds of federal interest."[4] We prefer instead to take a more cautious approach with respect to the recognition of federal common law.[5] As the Supreme Court has emphasized, the federal common law is appropriate in only a "few and restricted" circumstances. *Milwaukee v. Illinois,* 451 U.S. 304, 313, 101 S.Ct. 1784, 1790, 68 L.Ed.2d 114 (1981). In *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 641, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981), the Supreme Court went on to state that "absent some congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases." We do not believe that this case to collect a delinquent telephone bill falls within these limited instances.[6]

This case involves MCI's ability to recover on a contract or its ability to recover in quantum meruit. It does not involve the validity, construction, or effect of the Communications Act or any other federal statute. Actions for breach of contract and recovery in quantum meruit have their source in state law, and are consequently not entitled to federal jurisdiction.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[4]Currie, *Federal Jurisdiction in a Nutshell* 244 (2d ed. 1981).

[5]Wright, *supra* note 3.

[6]For the same reasons, we do not believe that Section 1337 confers federal question jurisdiction.