**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 92-1489
Summary Calendar
_____

MCI TELECOMMUNICATIONS CORPORATION,

Plaintiff-Appellant,

VERSUS

CREDIT BUILDERS OF AMERICA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____
September 7, 1993

On Remand from the Supreme Court of the United States


Before JOLLY, DUHÉ and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

   MCI Telecommunications Corporation (MCI) sued its customer, Credit Builders of America, Inc. (Credit Builders), to collect unpaid charges for telecommunications services. The district court concluded that it lacked subject matter jurisdiction, and dismissed the case. We affirmed. <u>MCI Telecommunications Corp. v. Credit Builders of Am., Inc.</u>, 980 F.2d 1021 (5th Cir. 1993). The Supreme Court granted certiorari, vacated our decision, and remanded the case with instructions "consider the question of mootness." After considering this issue, we conclude that the controversy is not moot, and reinstate our previous opinion.

I.

At the outset, we note that neither party raised the issue of mootness on appeal. However, we can surmise that the Supreme Court was alerted to this possibility when counsel for Credit Builders, in lieu of a brief, filed the following letter with the Clerk of the Court:

> I regret to inform you that neither my client nor my firm can afford to file a response to this case. My client is out of business and its representatives gone to ground.... I cannot reasonably pursue this case without my client's permission or support.[1]

We assume that, based on this letter, the Supreme Court concluded that MCI may no longer have any meaningful remedy and that the case is therefore moot.

II.

We have held that a case is not mooted by the fact that an impecunious judgment debtor may lack the means to satisfy a judgment. See Cox v. Sunbelt Sav. Ass'n, 896 F.2d 957, 959-60 (5th Cir. 1990); Triland Holdings & Co. v. Sunbelt Serv. Corp., 884 F.2d 205, 208 (5th Cir. 1989); Ratner v. Sioux Natural Gas Corp., 770 F.2d 512, 516 (5th Cir. 1985). As we stated in Triland Holdings & Co.:

> The general rule is that "[c]laims for damages or other monetary relief automatically avoid mootness, so long as the claim remains viable. Damages should be denied on the merits, not on grounds of mootness." FSLIC, however, argues that Sunbelt Savings has no assets with which to satisfy a judgment that might be rendered against it, and thus even if Triland Holdings and Triland Investments are successful in proving their claims in the district court

---

[1] Likewise, when this case was first heard on appeal, Credit Builders did not file any brief with this court.

2

they will be unable to collect. We have held that "[d]ifficulties in formulating a remedy in an otherwise living case do not evidence the absence of a case or controversy." In Ratner, we went on to hold that "the mere possibility that a judgment debtor lacks the means to satisfy its monetary liability does not kill the issues in a case. An indigent defendant otherwise could defeat any lawsuit simply by asserting that his poverty moots the claims against him."

884 F.2d at 208 (internal citations omitted).

On the record before us, we cannot say that MCI will never be able to satisfy its claim against Credit Builders. Because "[w]e are unable to conclude that all potential forms of relief are permanently precluded," id., the controversy is not moot. See Cox v. Sunbelt Sav. Ass'n, 896 F.2d at 960; Triland Holdings & Co., 884 F.2d at 208. Consequently, we reinstate our previous opinion, which affirmed the district court's conclusion that it lacked subject matter jurisdiction over MCI's suit to collect a delinquent phone bill. See Marshall v. Local Union No. 639, Int'l Bhd. of Teamsters, 593 F.2d 1297, 1301 n.16 (D.C. Cir. 1979) (If a case can be disposed of on either jurisdictional or mootness grounds, "then a court should not postpone decision while the other ground is investigated.").

### III.

For the foregoing reasons, we conclude that the controversy between the litigants is not moot. We reinstate our previous opinion, MCI Telecommunications Corp. v. Credit Builders of Am., Inc., 980 F.2d 1021 (5th Cir. 1993).

PRIOR OPINION REINSTATED.

3