STRICK–LEASE, INC.

v.

MARKEEL LEASING CORP.

Civ. A. No. 83–488.

United States District Court,
E.D. Pennsylvania.

Oct. 25, 1984.

Robert A. Swift, Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., for plaintiff.

John Pribish, New Brunswick, N.J., for defendant.

## MEMORANDUM

BRODERICK, District Judge.

On January 28, 1983, the plaintiff, Strick-Lease, Inc. (SLI), formerly known as Cotco Leasing Co., a Delaware corporation with its principal place of business in Pennsylvania, confessed judgment against the defendant, Markeel Leasing Corp. (Markeel), a New Jersey corporation with its principal place of business in New Jersey. Pursuant to Fed.R.Civ. P. 60(b)(6), Markeel now moves this Court to open the judgment confessed against it. For the reasons which follow, this Court will deny Markeel's motion to open the judgment by confession.

The complaint alleges that SLI and Markeel entered an equipment lease agreement on October 13, 1980 by which Markeel leased from SLI a 45-foot truck trailer. The agreement provided that Markeel would make monthly rental payments of $255.00 for a minimum of 48 months, commencing November 1, 1980. The complaint alleges that Markeel made the monthly payments, in advance, through January 1982, and that Markeel failed to make any further rental payments and thus was in default under the terms of the lease. On January 28, 1983, SLI filed a complaint for judgment by confession. By Order of this Court, dated January 28, 1983, judgment was entered against Markeel in the amount of $11,506.50. Markeel now moves to have the judgment against it opened pursuant to Rule 60(b)(6).

The lease agreement, which is attached to the complaint, provides that any failure to make any payment of rent when due will constitute default. Upon nonpayment of rent, SLI, as lessor, is authorized to "confess judgment against Lessee for all or any part of the rent or other costs or expenses specified in the Lease."

Markeel admits in its motion to open the judgment that it was experiencing financial difficulties and failed to forward its rent

for February and March of 1982. Markeel contends, however, that because rental payments were made in advance and because SLI retained a security deposit in the same amount as the monthly lease payment, SLI was protected through the end of February 1982. Therefore, Markeel argues that it was only one month in default as of March 1982.

In March 1982, Markeel requested new license plates for the leased equipment, since the plates in its possession were to expire on March 31, 1982. Under the lease, Markeel was to assume responsibility for license renewal fees. Markeel contends that it was precluded from paying the license fees because SLI, as owner of the vehicle, had the necessary registration papers in its possession. SLI claims that it did not deliver the registration papers because of Markeel's prior nonpayment of the monthly rental. Markeel contends that SLI's refusal to deliver the registration papers constituted a breach of the lease by SLI which justified Markeel's subsequent nonpayment of rent. Markeel also alleges that the confession of judgment clause in the lease is constitutionally infirm.

■ Before considering Markeel's petition to open the judgment, the Court will address the issue concerning the legal standard applicable to a motion to open a confessed judgment. It is clear that a motion to open a confessed judgment entered in the federal court is governed *procedurally* by Rule 60(b). *Girard Trust Bank v. Martin,* 557 F.2d 386, 389 (3d Cir.), *cert. denied,* 434 U.S. 985, 98 S.Ct. 612, 54 L.Ed.2d 479 (1977); *Amquip Corp. v. Pearson,* 101 F.R.D. 332, at 335 (E.D.Pa.1984) (Pollak, J.); *Federal Deposit Insurance Co. v. Barness,* 484 F.Supp. 1134, 1141 (E.D.Pa.1980). *See also Vasso v. Societa Trans-Oceanica Canopus S.A.,* 272 F.2d 182 (2d Cir.1959). Thus a defendant seeking to open a confessed judgment must proceed under Fed. R.Civ. P. 60(b) regardless of the procedure prescribed by state law for obtaining relief from a confessed judgment.

The Court must also determine the substantive standard applicable to a motion to open a confessed judgment under Rule 60(b). The question presented is whether to apply the substantive law of the state or a federal standard. Under Pennsylvania law it is clear that the substantive standard for opening a confessed judgment is as set forth in Pa.R.Civ. P. 2959(e), which provides

■f evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

*See Amquip Corp. v. Pearson, supra,* slip op. at 8 at 337; *Federal Deposit Insurance Company v. Barness,* 484 F.Supp. at 1141; *First Pennsylvania Bank v. Weber,* 240 Pa.Super. 593, 360 A.2d 715 (1976).

■ This Court's attention has not been directed to any cases setting forth a federal substantive standard for opening a confessed judgment. However, in the analogous context of a motion to open a *default* judgment under Rule 60(b), the Third Circuit has stated that the "threshold" determination which must be made before a defendant may obtain relief is whether the defendant has alleged facts which, if established at trial, would constitute a defense to the cause of action. *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–95 (3d Cir.1984). Thus, the Pennsylvania standard for opening a confessed judgment and the "threshold" federal standard for opening a default judgment are virtually identical. This Court has determined that under either standard the defendant in this case has failed to set forth facts which if established at trial would constitute a defense to the claim.

Markeel has raised three defenses. First, Markeel contends that the judgment must be opened because, *inter alia,* at the time the lease was executed, its waiver of due process rights under the cognovit clause was ineffective because the contract is one of adhesion in that there was a disparity in bargaining power between the parties. The United States Supreme Court has held that the Pennsylvania rules authorizing confessions of judgment comply with due process where a debtor makes a

knowing waiver of his legal rights. *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). In a companion case decided the same day as *Swarb,* the Court distinguished *Swarb,* which involved consumer financing, from a case in which two commercial parties were involved. In *D.H. Overmyer Co., Inc. v. Frick Co.,* the Court found that the confession of judgment procedure serves a "proper and useful purpose in the commercial world." *D.H. Overmyer Co., Inc. v. Frick Co.,* 405 U.S. 174, 188, 92 S.Ct. 775, 783, 31 L.Ed.2d 124 (1972). However, the Court noted that where the contract is one of adhesion wherein there is great disparity of bargaining power, other legal consequences might ensue. *Id.*

Markeel clearly does not fit within the exception to the "commercial party" rule noted by the *Overmyer* court. Both parties to this lease agreement, according to defendant's averments, are corporations having one principal stockholder. There are no allegations which would indicate that the two parties were not bargaining on a substantially equal basis.

Markeel also contends that plaintiff's alleged failure to forward the license registration paperwork to Markeel for the renewal of the leased trailer's license presents an issue of fact with respect to an alleged breach of contract by SLI. However, Markeel, in an affidavit signed by its President, Jay Lubell, admits to being in default on the contract *before* SLI's duty to facilitate the license renewal arose under the contract. Clearly, the suspension of performance by one party to a contract in response to the other's prior breach of that contract does not afford the breaching party a valid defense to an action for breach of contract, and thus this defense fails as a matter of law.

Finally, Markeel claims that the cognovit clause is unenforceable because it restricts defendant's constitutional right of access to the courts and is, therefore, unconscionable. This argument is without merit. As the Supreme Court of the United States concluded in *Overmyer,* "[A] cognovit provision may well serve a proper and useful purpose in the commercial world and at the same time not be vulnerable to constitutional attack." 405 U.S. at 188, 92 S.Ct. at 783.

For the reasons discussed above, the Court has determined that Markeel has failed to allege a meritorious defense to its default on the lease payments. The factual allegations asserted by Markeel, even if established at trial, would not constitute a "meritorious defense", and are insufficient to warrant the opening of the confessed judgment under Rule 60(b). Furthermore, Markeel's constitutional attacks on the confession of judgment procedure pursuant to a cognovit clause in the lease at issue are without merit. *See D.H. Overmyer v. Frick Co.,* 405 U.S. at 188, 92 S.Ct. at 783. Accordingly, Markeel's motion to open the judgment confessed against it pursuant to the cognovit clause contained in the lease agreement will be denied.