848 F.2d 432
 56 USLW 2732
 FEDERAL DEPOSIT INSURANCE CORPORATION, Assignee of Farmers
Bank of the State of Delaware
v.
Richard Ford HINKSON and William H. Uffelman.
Appeal of FEDERAL DEPOSIT INSURANCE CORP.
 No. 87-3605.
 United States Court of Appeals,
Third Circuit.
 Argued March 7, 1988.
Decided June 6, 1988.
As Amended June 10, 1988.
 
 Ira H. Parker (argued), John L. Douglas, Ann S. DuRoss, Mark I. Rosen, Washington, D.C., for appellant Federal Deposit Ins. Corp.
 Richard R. Wier, Jr. (argued), Wilmington, Del., for appellee Richard Ford Hinkson.
 William H. Uffelman, pro se.
 Before WEIS, GREENBERG and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 WEIS, Circuit Judge.*
 
 
 1
 In this case, a federal agency--assignee of a note--filed suit after the federal statute of limitations had lapsed but within the time allowed by state law. The district court entered summary judgment against the agency. We hold that in pursuing a viable claim, a federal agency is bound by the terms of the federal statute of limitations, which may not be lengthened or shortened by a state enactment. Accordingly, the judgment will be affirmed.
 
 
 2
 The facts in this case are few and uncomplicated. Defendants executed a note in favor of the Farmer's Bank of the State of Delaware on February 18, 1975. The Federal Deposit Insurance Corporation entered into an open bank assistance transaction with the Farmer's Bank and, on October 13, 1976, received an assignment of the note. The FDIC filed suit on the defendants' unpaid note on June 20, 1986, almost ten years after the assignment and more than eleven years after the default, which occurred on May 1, 1975.
 
 
 3
 The district court acknowledged that under Delaware law a note under seal--such as the one here--is governed by a twenty-year statute of limitations. Under state law, therefore, the FDIC's suit had been timely filed. The court held, however, that the federal agency was subject to the six-year statute of limitations enacted by Congress, codified at 28 U.S.C. Sec. 2415(a). As a result the action was barred, whether the limitations period began to run on the date default occurred while in the hands of the FDIC's assignor or from the date of assignment of the cause of action to the FDIC. 665 F.Supp. 356 (1987).
 
 
 4
 On appeal the FDIC contends that, because a private party assignee would enjoy the benefits of the longer state statute of limitations, a federal agency should receive no lesser consideration. The FDIC also argues that the note, being under seal, falls outside the ambit of the federal statute. Defendants assert that the latter point was not pressed in the district court and that, in any event, the plain language of the statute refutes the FDIC's arguments.
 
 
 5
 Two questions are before us. First, what is the appropriate period of limitations? Second, when does it begin?
 
 
 6
 Section 2415(a) reads: "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues...." 28 U.S.C. Sec. 2415(a) (1982).
 
 
 7
 This statute of limitations was enacted in 1966, Pub.L. No. 89-505, 80 Stat. 304. In its report on the legislation, the Senate Judiciary Committee observed that many contract and tort claims asserted by the government are "almost indistinguishable" from those made by private individuals against the government. The Committee believed, therefore, that "it is only right that the law should provide a period of time within which the Government must bring suit on claims just as it now does as to claims of private individuals." S.Rep. No. 1328, 89th Cong., 2d Sess., reprinted in 1966 U.S. Code Cong. & Admin. News 2502, 2503.
 
 
 8
 The legislation sought to "provide a fair procedure which would have the effect of ending the possibility of contracts litigation after a fixed period." Id., 1966 U.S. Code Cong. & Admin. News at 2508. The government would "be barred from asserting old and stale claims in the courts and the necessity for the early assertion of claims will require increased efficiency in Government claims proceedings." Id., 1966 U.S. Code Cong. & Admin. News at 2509. Although aware that jurisdictions had adopted both longer and shorter periods, Congress chose a six-year limitation for contracts, the one typical of most states.
 
 
 9
 Before adoption of section 2415, the Supreme Court had held that a federal agency was "not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940). The case at hand, however, implicates the reverse side of the coin--the federal statute, unlike its state law counterpart, would bar the suit. The FDIC argues that it stands in the shoes of its assignor and thus should be accorded corresponding rights, including the benefit of the state statute of limitations.
 
 
 10
 Presented with an issue of statutory construction, we look first to the text of the legislation itself. See Albert v. Abramson's Enterprises, Inc., 790 F.2d 380 (3d Cir.1986). The clear and unambiguous wording states that the United States must bring any contractual claim within six years of its accrual. The statute contains no reference to the effect of state law on the statute of limitations, either to enlarge or to shorten the prescribed time. Nor does the statute furnish any basis for modifying the six-year term because a private litigant would not be similarly affected or because the obligation is under seal.
 
 
 11
 The FDIC has not called our attention to any appellate decision supporting its position, conceding that the "specific question raised here has never been addressed in any reported decision." Br. for Appellants at 11.
 
 
 12
 Several cases have had occasion to briefly discuss related aspects of the statute of limitations as a general proposition. In FDIC v. Cardona, 723 F.2d 132, 134 (1st Cir.1983), the Court of Appeals for the First Circuit said in dictum: "If a private party would have more than six years remaining under the relevant state statute of limitations in which to bring its action, the FDIC should have at least the six years provided in 28 U.S.C. Sec. 2415(a) in which to bring its action." In that case, however, the court decided that the federal statute of limitations had not expired before suit was filed. The defendant had acknowledged the debt within the six-year period, a circumstance specifically provided for in section 2415(a) ("in the event of later partial payment or written acknowledgement of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment....").
 
 
 13
 Similarly, in FDIC v. Fonseca, 795 F.2d 1102, 1108 (1st Cir.1986), the Court of Appeals, again in dictum, repeated the Cardona reference but found that the suit had been filed within six years of the date that the agency had acquired certain mortgage notes. See also FDIC v. Consolidated Mortgage & Fin. Corp., 805 F.2d 14, 17-18 n. 4 (1st Cir.1986).
 
 
 14
 In FDIC v. Petersen, 770 F.2d 141 (10th Cir.1985), suit was brought more than six years after a note matured. The court affirmed a summary judgment for the defendant, applying the federal limitation rather than a ten-year state statute.
 
 
 15
 One district court did give a federal governmental agency the benefit of a longer state statute of limitations. See Federal Savings & Loan Ins. Corp. v. Scott, No. 78-885-A (E.D.Va. May 21, 1979) (mem). But cf. United States v. Kurtz, 525 F.Supp. 734 (E.D.Pa.1981) (Becker, J.), aff'd without opinion, 688 F.2d 827 (3d Cir.), cert. denied, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982); FDIC v. Barrera, 595 F.Supp. 894 (D.P.R.1984).
 
 
 16
 Section 2415(a) means what it says--a contract suit by the government must be filed within six years of accrual. Congress's intent to establish a uniform time limitation and to encourage the expeditious disposition of government litigation would be frustrated if the period could be lengthened in some instances by state law. Although state law may treat a non-federal government plaintiff more favorably in such circumstances, this disparity does not justify bypassing the congressional policy that favors the government's initiation of suits within six years. Simply stated, Congress has chosen six years, and we are not persuaded that state law should supplant that decision.
 
 
 17
 Although this construction of section 2415(a) works to the disadvantage of the government here, that outcome will not always ensue. If the state statute of limitations for a contract case is less than six years, it is clear to us that the longer federal statute will apply. The federal limitations period therefore will govern in both instances--whether the state statute provides for a longer or shorter time than section 2415.
 
 
 18
 To avoid misunderstanding, we restate the settled law that state limitations are nonetheless relevant in determining a claim's viability at the time the federal agency gains eligibility to sue. If the state statute of limitations has expired before the government acquires a claim, it is not revived by transfer to a federal agency. In Guaranty Trust Co. v. United States, 304 U.S. 126, 142, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1938), the Supreme Court held that the federal government suffers no deprivation in such a circumstance. "[T]he proof demonstrates that the United States never acquired a right free of a pre-existing infirmity, the running of limitations against its assignor, which public policy does not forbid." See also Consolidated Mortgage & Fin. Corp., 805 F.2d at 17-18 n. 4; Cardona, 723 F.2d at 134.
 
 
 19
 We hold, therefore, that once the federal government or its agency acquires from a private party a contractual claim not barred at that point by a state statute of limitations, 28 U.S.C. Sec. 2415(a) requires that suit be brought by the government within six years. The federal statute of limitations preempts a state statute of limitations after the claim comes within control of the federal government. Because the claim had not been barred by state law at the time of assignment to the FDIC, the federal statute of limitations applies here.
 
 II.
 
 20
 We now take up the second question; that is, when did the right of action accrue under section 2415(a)? When a claim originally grows out of a direct relationship with the federal government, no particular problem arises. Application of the general rules on accrual will comport with the congressional intent of uniformity and prompt disposition of claims.
 
 
 21
 The inquiry, however, is not as simple when the United States or a federal agency comes into possession of claims by assignment, the case here. In that circumstance, where the actionable event occurs during the time the claim belonged to the private party assignor, accrual could begin either then or later when the cause of action is assigned to the federal government.
 
 
 22
 In FDIC v. Petersen, the Court of Appeals for the Tenth Circuit accepted the unchallenged finding of the district court that under section 2415(a) the beginning point was the time when a note matured in the hands of the private assignor. Petersen, 770 F.2d at 142-43. The result in that case was that the FDIC had less than six years after it received an assignment in which to file suit. Likewise, in United States v. Cardinal, 452 F.Supp. 542 (D.Vt.1978), the district court concluded the statute of limitations begins to run when the claim first can be sued upon, even if the government has not yet acquired it.
 
 
 23
 The Cardinal reasoning was disapproved in Cardona. In that case the state statute of limitations would have allowed a private assignee to recover on a note, although application of the six-year period under section 2415(a) would have barred a federal suit even before the FDIC had acquired the instrument. The Court of Appeals remarked: "We do not think the legislature's intent in enacting 28 U.S.C. Sec. 2415 was to place the government at such a serious disadvantage relative to private parties suing on similar obligations." Cardona, 723 F.2d at 134.
 
 
 24
 Cardona demonstrates the error in Cardinal and Petersen of fixing the accrual date for purposes of section 2415 earlier than the date on which the federal government acquires the cause of action. Congress wished the government to move promptly to initiate suit and set six years as the appropriate time for doing so. That limitation, however, does not mandate that a federal agency be precluded from suing in less than six years on an assigned claim.
 
 
 25
 We realize that in some instances starting accrual on the date the government acquires the cause of action will prolong a defendant's exposure to suit. Drawing the line there may deprive the defendant of the benefit of a shorter state statute of limitations; nevertheless, that circumstance represents an improvement over conditions before enactment of section 2415, when the federal government was bound neither by a state nor a federal statute.
 
 
 26
 We conclude in this case that the statute of limitations on the note began to run on October 13, 1976, the date the FDIC received the assignment, more than six years before suit was filed on June 20, 1986.
 
 III.
 
 27
 To summarize, a contractual claim not barred by a state statute of limitations at the time it is acquired by a federal agency must be sued on by the government within six years of the date it acquires the claim. Once a viable claim is acquired by the government, a state statute of limitations neither reduces nor increases the six-year period allowed by 28 U.S.C. Sec. 2415(a).
 
 
 28
 The judgment of the district court will be affirmed.
 
 
 
 *
 At the time of oral argument on this case the Honorable Joseph F. Weis, Jr. was an active circuit judge. Since that time Judge Weis has assumed senior status