The UNITED STATES of America, on Behalf of its Agency, the SMALL BUSINESS ADMINISTRATION, Plaintiff,

v.

Ronald C. STANKO and Patricia A. Stanko, Defendants.

Civ. A. No. 90–7250.

United States District Court, E.D. Pennsylvania.

March 13, 1992.

Virginia R. Powel, Michael M. Baylson and Sonia C. Jaipaul, Asst. U.S. Atty., U.S. Attorney's Office, Philadelphia, Pa., for plaintiff.

Joseph F. Roda and Ronald C. Messmann, Lancaster, Pa., for defendants.

MEMORANDUM AND ORDER

HUYETT, District Judge.

This action arises as a result of defendants' challenge of a judgment by confession entered by the Clerk of the Court against defendants on August 16, 1990. Specifically, defendants, Ronald C. Stanko and Patricia A. Stanko, move pursuant to Fed.R.Civ.P. 60(b) to open or vacate the judgment by confession entered by the Clerk of the Court on November 15, 1990 in the amount of $430,419.64 as of August 16, 1990, plus interest to the date of judgment at a daily rate of $73.98, plus interest from the date of judgment at the legal rate computed daily and compounded annually until paid in full, and costs of suit.[1] Defendants move to open or vacate the judgment by confession on the ground that plaintiff's action in confessing the instant judgment was time barred by the applicable statute of limitations. Plaintiff, the United States of America, on Behalf of its Agency, the Small Business Administration ("SBA"), contends that its action in confessing the judgment against defendants was well within the statute of limitations. The SBA therefore requests that defendants' motion to open or vacate be denied.

I. Introduction

The SBA confessed judgment against defendants pursuant to a warrant of attorney executed by defendants on May 21, 1981 and incorporated into a guaranty executed by defendants on same date.[2] In 1981,

---

1. The Court notes that the instant matter was reassigned to the Reading Station pursuant to Local Civil Rule 3(b) on October 1, 1991.

2. The warrant of attorney stated: "[t]he undersigned hereby authorizes and empowers any attorney or clerk of any Court of record in the United States or elsewhere to appear for and, with or without declaration filed, confess judgment against the Undersigned in favor of the holder assignee or successor holder of the Note,

defendants executed a guaranty in favor of American Bank & Trust Company of Pennsylvania (ABTC) in order to secure a loan in the amount of $250,000 from ABTC for Berkshire Sports, Ltd., Inc., t/a Athletic Attic ("BSL"). On October 24, 1983, in response to BSL's failure to meet its loan repayment obligations, ABTC accelerated all of its existing loans with BSL and demanded payment in full of all principal and accrued interest. BSL failed to meet this demand and ABTC subsequently liquidated the entire inventory of BSL.

On November 14, 1983, ABTC assigned all of its right and interest in defendants' guaranty to the Small Business Administration ("SBA"). This assignment created the SBA interest at issue in this case. From 1984 until 1989, the SBA and defendants exchanged correspondence relating to defendants' obligations under the guaranty and possible settlement of any SBA claims against defendants. The SBA took no further action until it sent defendants a notice of acceleration and demand on June 6, 1989. The SBA initiated legal proceedings to confess judgment on November 13, 1990.

Defendants advance one argument in support of their motion to open or vacate judgment. In essence, defendants contend that plaintiff confessed judgment against defendants more than six years after plaintiff's cause of action accrued. Accordingly, defendants argue that plaintiff's action is time barred by the applicable statute of limitations as stated in 28 U.S.C. § 2415(a). Neither party disagrees that the applicable

statute of limitations under 28 U.S.C. § 2415(a) is six (6) years.[3] The Court must thus determine whether plaintiff's action was initiated more than six years after the SBA's action accrued under 28 U.S.C. § 2415(a).

## II. Discussion

Defendants seeking to open a confessed judgment must allege facts which, if established at trial, would constitute a defense to plaintiff's cause of action. *See Strick–Lease, Inc. v. Markeel Leasing Corp.*, 103 F.R.D. 382, 384 (E.D.Pa.1984), *citing* Fed. R.Civ.P. 60(b); Pa.R.Civ.P. 2959(e). Thus, the Court must determine whether defendants have alleged facts which, if established at trial, would constitute a valid statute of limitations defense to the United States' action to confess judgment.[4]

Defendants argue that the SBA was required to sue within six years of the date of the assignment. Defendants rely upon *Federal Deposit Ins. Corp. v. Hinkson*, 848 F.2d 432 (3d Cir.1988) and *United States of America On Behalf Of Small Business Administration v. Richardson*, 1990 WL 27358 (E.D.Pa.). In *Hinkson*, the Third Circuit stated:

> [w]e now take up the second question; that is, when did the right of action accrue under section 2145(a)? When a claim originally grows out of a direct relationship with the federal government, no particular problem arises. Application of the general rules on accrual will comport with the congressional intent of

---

at any term, for the full or total amount of this Note, together with all indebtedness provided for therein, with costs of suit and attorney's commission of fifteen (15) percent for collection; and the Undersigned expressly releases all errors, waives all stay of execution, rights of inquisition and extension upon any levy upon real estate and all exemption of property from levy and sale upon any execution hereon; and the Undersigned expressly agrees to condemnation and expressly relinquishes all rights to benefits or exemptions under any and all exemption laws now in force or which may hereafter be enacted." *See* Warrant of Attorney (May 21, 1981).

**3.** 28 U.S.C. § 2415(a) states: "every action for money damages brought by the United States or

an officer or agent thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later: *Provided,* That in the event of later partial payment or written acknowledgement of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment ..." *Id.*

**4.** As stated below, the existence of material issues of fact precludes the Court from vacating the judgment in the instant case.

uniformity and prompt disposition of claims.

*The inquiry, however, is not as simple when the United States or a federal agency comes into possession of claims by assignment, the case here.* In that circumstance, where the actionable event occurs during the time the claim belonged to the private party assignor, accrual could begin either then or later when the cause of action is assigned to the federal government ...

We conclude in this case that the statute of limitations on the note began to run on October 13, 1986, the date the FDIC received the assignment, more than six years before the suit was filed on June 20, 1986.

To summarize, *a contractual claim not barred by a state statute of limitations at the time it is acquired by a federal agency must be sued on by the government within six years of the date it acquires the claim.* Once a viable claim is acquired by the government, a state statute of limitations neither reduces nor increases the six-year period allowed by 28 U.S.C. § 2415(a).

*Federal Deposit Ins. Corp. v. Hinkson,* 848 F.2d at 435 (emphasis added). In *United States of America On Behalf Of Small Business Administration v. Richardson,* 1990 WL 27358 (E.D.Pa.), Judge Gawthrop applied the Third Circuit's teaching in *Hinkson* to the SBA and stated: "[t]he parties agree that the statute of limitations began to run on July 25, 1980 when the SBA acquired its interest in the note and the right to sue on that note." *Id.* at 1. As the SBA received an assignment of defendants' guaranty on November 14, 1983 and failed to bring suit until November 13, 1990, defendants contend that plaintiff's claim is time barred by the six year statute of limitations.

Plaintiff raises two objections to defendants' statute of limitations argument. First, plaintiff argues that defendants' reliance on *Hinkson* and *Richardson* is misguided given the holding of *United States v. Rollinson,* 629 F.Supp. 581 (D.D.C.1986); *aff'd* 866 F.2d 1463 (D.C.Cir.1989); *cert. denied* 493 U.S. 818, 110 S.Ct. 71, 107 L.Ed.2d 37 (1989). Second, plaintiff contends that defendants tolled the running of the statute of limitations under Section 2415(a) by acknowledging their debt to the SBA. Defendants disagree with both of these plaintiff positions.

*United States v. Rollinson* is distinguishable from the instant matter. The *Rollinson* Court held:

[a]s the right to accelerate the payments was at the option of the holder, the cause of action was not perfected until such demand was made. The SBA first made such a demand on October 25, 1979 and thus its right of action accrued on that date. The government filed this action on November 6, 1984, well within the six year statutory period.

*Id.* at 584.

In *Rollinson,* the SBA was assigned the note on May 12, 1978 and the SBA made demand on October 25, 1979. The *Rollinson* Court held that the SBA's right of action accrued on October 25, 1979, but recognized:

[i]t is true, as defendants note, that "a party is not at liberty to stave off operation of the statute [of limitations] inordinately by failing to make demand." *Nyhus v. Travel Management Corp.,* 466 F.2d [440] at 452–53 [ (D.C.Cir.1972) ]. Here, the Bank and SBA granted SRI several deferrals on principal payments between 1974 and 1978, and refinanced the loan in 1979. This action can hardly be characterized as unreasonable in view of the SBA's mandate to assist in the development of small business. Indeed, after three deferrals SRI did commence payment. SRI's final default took place on April 16, 1979. Even if the SBA's failure to make demand for six months following that default was unreasonable, the Court would still be compelled to conclude that the agency's right of action accrued on or about April 16, 1979, and thus, that its filing of this action on November 6, 1984 was within the statutory period. *Id.* at 584, n. 2.

Here, the SBA received the assignment of interest in defendants' guaranty on Novem-

ber 14, 1983, but failed to send defendants a notice of acceleration until June 6, 1989. *If* the facts alleged by defendants are established, *see Strick–Lease* at 384, it would appear that the SBA's judgment by confession would be time barred under 28 U.S.C. § 2415(a). *See Federal Deposit Ins. Corp. v. Hinkson,* 848 F.2d 432 (3d Cir.1988); *United States of America On Behalf Of Small Business Administration v. Richardson,* 1990 WL 27358 (E.D.Pa.); *United States v. Rollinson,* 629 F.Supp. 581 (D.D.C.1986); *aff'd* 866 F.2d 1463 (D.C.Cir. 1989); *cert. denied* 493 U.S. 818, 110 S.Ct. 71, 107 L.Ed.2d 37 (1989). The Court recognizes, however, that the SBA may be able to establish facts which would defeat defendants' arguments under *Hinkson* and *Richardson.* Thus, the Court must open the judgment by confession entered by the Clerk of the Court on November 15, 1990. *See Strick–Lease, Inc. v. Markeel Leasing Corp.,* 103 F.R.D. 382, 384 (E.D.Pa.1984). As material facts are at issue, the Court cannot, however, vacate the judgment by confession. *See, e.g., United States v. LaFrance,* 728 F.Supp. 1116 (D.Del.1990).

■ Plaintiff's second argument against opening the confessed judgment also fails. Plaintiff contends that defendants tolled the operation of the statute of limitations under 28 U.S.C. § 2415(a) by acknowledging their debt to the SBA. In support of this position, plaintiff relies on correspondence between the SBA and the Stankos from 1984 and 1989 as providing evidence that the Stankos' repeatedly acknowledged their debt to the SBA. *See* Plaintiff Memorandum at 7–11, *citing United States v. Hosko,* 1989 WL 265041 (M.D.Pa.), *aff'd* 884 F.2d 1386 (3d Cir.1989); *Federal Deposit Insurance Corp. v. Cardona,* 723 F.2d 132 (1st Cir.1983); *Victory Investment Corp. v. Muskogee Electric*

*Traction Co.,* 150 F.2d 889 (10th Cir.), *cert. denied* 326 U.S. 774, 66 S.Ct. 232, 90 L.Ed. 467 (1945). Defendants, however, effectively distinguish *Hosko, Cardona* and *Victory Investment Corp. See* Defendants Reply at 6–11. Further, *Hosko, Cardona* and *Victory Investment Corp.* provide no basis for concluding that correspondence seeking the out-of-court settlement of an action constitutes acknowledgement of debt under 28 U.S.C. § 2415(a).[5] The Court recognizes, however, that the SBA may be able to establish facts at trial evidencing a acknowledgment of debt under 28 U.S.C. § 2415(a). In consideration of the facts submitted and alleged by the parties, the Court cannot conclude that defendants acknowledged their debt under 28 U.S.C. § 2415(a). Under *Strick–Lease,* the judgment by confession must therefore be opened. As material issues of fact are present regarding this issue, the Court cannot vacate the judgment by confession. *See, e.g., United States v. LaFrance,* 728 F.Supp. 1116 (D.Del.1990).

### III. Conclusion

For the reasons stated above, I shall grant in part and deny in part defendants' motion to vacate or open judgment.

---

**5.** Plaintiff and defendants corresponded from 1984 to 1989 regarding the instant matter. The correspondence principally concerned defendants' provision of financial and asset information to plaintiff. *See* Plaintiff's Exhibits 3, 4, 5, 8, 10, 14 and 16. In addition, the correspondence contained several offers by defendants to compromise and settle the SBA's claim and several statements by defendants expressing interest in settling the SBA's claim. Although throughout the correspondence defendants rec-

ognize the existence of an SBA claim and the possibility of an SBA action against defendants, the correspondence does not reveal an acknowledgment of debt under Section 2415(a). *See United States v. Hosko,* 1989 WL 265041 (M.D.Pa.), *aff'd* 884 F.2d 1386 (3d Cir.1989); *Federal Deposit Insurance Corp. v. Cardona,* 723 F.2d 132 (1st Cir.1983); *Victory Investment Corp. v. Muskogee Electric Traction Co.,* 150 F.2d 889 (10th Cir.), *cert. denied* 326 U.S. 774, 66 S.Ct. 232, 90 L.Ed. 467 (1945).