WILLIAM C. DAVIDSON, P.C.

v.

Jim MILLS, et al.

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Receiver for
United Bank of Texas.

Civ. No. A–92–CA–149.

United States District Court,
W.D. Texas,
Austin Division.

May 7, 1993.

William C. Davidson, Jr., pro se.

Richard E. Anderson, FDIC Legal Dept., Roy G. Morris, FDIC, Thomas J. Fisher, Dallas, TX, for F.D.I.C.

## ORDER AND JUDGMENT

NOWLIN, District Judge.

On April 6, 1992, this Court denied the Plaintiff's application for a Temporary Restraining Order and Preliminary Injunction Against FDIC/United Bank of Texas, filed on March 30, 1992. On May 3, 1993, this Court conducted a bench trial to resolve the claims asserted in this action. Having reviewed and considered the evidence, the pleadings, the applicable law, and the arguments of counsel, this Court is of the following opinion.

Plaintiff Davidson's main argument focuses on the statute of limitations period that is applicable to this particular situation. The plaintiff argues that the limitation period on this action has run and, therefore, that this Court cannot permit the FDIC to pursue its rights against the debt or the property at issue. Davidson asserts that the term "action" in the federal statute includes only *court* actions and is not applicable to nonjudicial foreclosure actions by the FDIC. The FDIC responds that the term "action" includes nonjudicial assertion of rights as well as judicial.

### STIPULATED FACTS

The parties have agreed to the following stipulated facts in this action.

The Plaintiff is William C. Davidson, P.C. ("Davidson"), a corporation organized and existing under the laws of the State of Texas. The Intervenor/Defendant is the Federal Deposit Insurance Corporation (the "FDIC"), a corporation organized and existing under the laws of the United States of America.

On June 4, 1987, the Texas Banking Commissioner declared United Bank of Texas (the "Bank") insolvent and appointed the FDIC as the Receiver of the Bank. Accordingly, the FDIC became the holder of the assets involved in this dispute, including the Note and Deed of Trust.

On October 5, 1983, for value he received, the President of R. Bird Corporation, Richard M. Bird, executed a promissory note (the "note") payable to the order of the United Bank of Texas in the original principal amount of $350,000.00. The Note was secured by a Deed of Trust (the "Deed of Trust"), dated October 5, 1983, originally running in favor of David Kendall, as trustee for United Bank of Texas. The Deed of Trust was recorded at page 602 of Volume 1384 of the Deed of Trust Records of Travis County, Texas.

The Note was due and payable 180 days after October 5, 1983. The Note became due and payable on April 3, 1984, 180 days after the October 5, 1983. On June 4, 1987, the FDIC was appointed as receiver of the bank. The FDIC's cause of action on the Note and to enforce its rights under the Deed of Trust accrued on that date, April 3, 1984.

By a Warranty Deed dated October 6, 1986, of record at page 176 of Volume 380 of the Real Property Records of Travis County, Richard M. Bird acquired title to the Property described in the Deed of Trust from R. Bird Corporation. On March 27, 1990, Davidson acquired title to the Property from Richard M. Bird, in the deed recorded at page 0719 of Volume 11171 of the Real Property Records of Travis County, Texas. After acquiring the Property, Davidson spent approximately $8,000.00 repairing the Property.

On April 7, 1992, after proper notice and posting pursuant to the Deed of Trust and the applicable law, the substitute trustee, acting on behalf of the FDIC, conducted a foreclosure sale of the Property described in the deed of Trust (the "Property"). As the successful bidder at this foreclosure sale, the FDIC purchased the Property for the sum of $104,300.00. As the Plaintiff in this action, Davidson has not tendered the foreclosure sale price of $104,300.00.

**THE APPLICABLE LAW:**

■ In August of 1989, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") was enacted.

Section 1821(d)(14) provides the pertinent language concerning the limitations period under FIRREA:

(14) Statute of limitations for actions brought by conservator or receiver

(A) In general

Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of—

(I) the 6–year period beginning on the date the claim accrues; or

(II) the period applicable under State law; and

(ii) in the case of any tort claim, the longer of—

(I) the 3–year period beginning on the date the claim accrues; or

(II) the period applicable under State law.

(B) Determination of the date on which a claim accrues

For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the later of—

(i) the date of the appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues.

12 U.S.C. § 1821(d)(14). Although subparagraph (A) above refers to the statute of limitations for any "action," subparagraph (B) refers expressly to the statute of limitations on any "claim."

Before the passage of this more explicit limitations period in FIRREA, 28 U.S.C. § 2415(a) contained the statute of limitations period generally applicable to the FDIC in similar cases:

..., every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract expressed or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in appli-

cable administrative proceedings required by contract or law, whichever is later.... 28 U.S.C. § 2415(a).

To resolve the statute of limitations issue, this Court must determine:

(1) whether the applicable state limitations period had expired when the federal agency acquired the claims being asserted; and

(2) whether the applicable federal limitations period expired between the time the federal agency acquired the claims and the time suit was filed.

See Federal Deposit Insurance Corp. v. Belli, 769 F.Supp. 969, 971 (S.D.Miss.1991) reversed on other grounds Federal Deposit Insurance Corporation v. Belli, 981 F.2d 838 (5th Cir.1993).

Recently, disagreeing with the Third and Ninth Circuits' interpretation of 28 U.S.C. § 2415(a), the Fifth Circuit has held that a cause of action for the amount due on personal guaranties and a promissory note "accrue" when the payor on the note came into breach, instead of when the FDIC, as receiver, acquired the right to sue on the note. Federal Deposit Insurance Corporation v. Belli, 981 F.2d 838, 840–841 (5th Cir.1993); see also Federal Deposit Insurance Corporation v. Bledsoe, 989 F.2d 805, 807 (5th Cir. 1993) (following Belli, 981 F.2d 838). Although no longer of precedential value to this Court, the Third Circuit has concluded that the six year statute of limitations period under 28 U.S.C. § 2415(a) does not begin to run until the date on which the FDIC is appointed as receiver. Federal Deposit Insurance Corp. v. Hinkson, 848 F.2d 432, 435 (3d Cir.1988). However, when a claim has not been barred by state law at the time of assignment to the FDIC, the federal statute of limitations applies and preempts the state law. Id. at 434–435.

Because the state limitations period had not run by the date on which the FDIC was appointed as receiver and since the relevant statute of limitations provisions under FIRREA had not become effective by that time, the next issue is when did the six year limitations period under 28 U.S.C. § 2415(a) run on these facts. Since the Note was in default as of April 3, 1984, under § 2415(a), the statute of limitations for an action on the default would not have run until April 4, 1990.

In cases similar to the present proceeding, federal courts have consistently held that the statute of limitations provided in 12 U.S.C. § 1821(d)(14) applies retroactively. In Federal Deposit Insurance Corporation v. Belli, 981 F.2d 838 (5th Cir.1993), the Fifth Circuit held that 12 U.S.C. § 1821(d)(14) does apply retroactively "to claims held by the FDIC that were alive on August 9, 1989, FIRREA's effective date." Id. at 842. In this action, the original statute of limitations under § 2415(a) had not run by the effective date of FIRREA. Accordingly, the FDIC obtained, with approximately seven months to spare, an extension of the applicable statute of limitations due to the retroactive application of 12 U.S.C. § 1821(d)(14).

In a recent decision, the Ninth Circuit concluded that although the statutory text and legislative history of FIRREA do not clearly resolve the issue of the statute's retroactivity that retroactive application of section 1821(d)(14)(A)(i) to pending cases is appropriate. See Federal Deposit Insurance Corp. v. New Hampshire Insurance Company, 953 F.2d 478, 486–487 (9th Cir.1992). The Ninth Circuit followed the reasoning of a federal district court from Texas that because the statute of limitations is procedural in nature that this statute [12 U.S.C. § 1821(d)(14) ] is accorded retroactive effect because no substantive rights will be affected. Id. at 487 (citing Federal Deposit Insurance Corp. v. Howse, 736 F.Supp. 1437, 1446 (S.D.Tex.1990)). Based upon statements in the legislative history of this statute, the Ninth Circuit recognized the policy of protecting the Government's right to recovery. Id. at 486–487 (footnote omitted).

The Fifth Circuit has concluded that certain procedural and remedial provisions of FIRREA should be applied retroactively. See NCNB Texas National Bank v. Cowden, 895 F.2d 1488, 1500–01 (5th Cir.1990) (the court essentially gave retroactive effect to amendments that merely clarified rather than changed the law concerning bridge bank statute foreclosures); see also Triland Holdings & Co. v. Sunbelt Service Corp., 884 F.2d

205, 207 (5th Cir.1989) (the court gave retroactive effect to certain jurisdictional provisions of FIRREA).

Concurring with the rationale of these other federal courts, this Court follows their holdings on this issue. Accordingly, the federal statute of limitations has not run in the present case.

### THE MEANING OF THE TERM "ACTION" IN 12 U.S.C. § 1821(d)(14)

 In section (j), the statute refers to "action" taken by a court, and this "action" clearly refers not to legal suits but to equitable powers of the court. Similarly, the "action" in section (d)(14) should, and is, reasonably interpreted to include any and all actions, meaning performing some duty or exercising some right, that are legally permissible for the FDIC, as conservator or receiver. In the same subsection, the statute also refers to "claims" when discussing statute of limitations. Such an interpretation comports with the policies that underlie the law relevant to the FDIC's ability to rehabilitate failed banks. *See Bledsoe.*

Alternatively, the term action should be interpreted broadly to include legal rights and claims. The FDIC argues that limiting the application of the longer federal statute of limitations only to actions actually instituted in court would improperly restrict the federal statutory limit. The FDIC states that the term "action" in this statute should be interpreted to include nonjudicial actions legally taken by the FDIC as conservator or receiver, as well as judicial actions.

In *Bledsoe*, the Fifth Circuit addressed a situation in which the FSLIC became receiver of a failed institution. *See Bledsoe*, 989 F.2d at 806. On the day following its appointment as receiver, the FSLIC transferred all of the assets of the institution to a private assignee. *Id.* Applying federal common law due to the silence of the statute, the Fifth Circuit held that the applicable limitations for a viable claim on a promissory note transferred to a private assignee remained the federal six year limit under 28 U.S.C. § 2415(a), and did not revert back to the state limitations period. *Id.*

### CONCLUSION

Under the facts and circumstances of this action, this Court agrees with the FDIC to the extent that the federal statute of limitations applies to nonjudicial foreclosures conducted by the FDIC as receiver or conservator. The foreclosure sale of the Property that occurred on April 7, 1992, was valid under 12 U.S.C. § 1821(d)(14). As receiver, the FDIC can and did rightfully conduct a nonjudicial foreclosure on the property securing a note, where the underlying claim on the note is still valid.

ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff Davidson take nothing from the Defendant FDIC.

IT IS FURTHER ORDERED that the Clerk shall terminate as moot any and all motions that are currently pending in this action.

This case is closed.