809 P.2d 635

Olivia BOLDEN and Benjamin Bolden,
Plaintiffs–Appellees,

v.

The VILLAGE OF CORRALES and
John Does 1 Through 4,
Defendants–Appellants.

No. 12404.

Court of Appeals of New Mexico.

Aug. 21, 1990.

Certiorari Denied Nov. 19, 1990.

Jeff Romero, Albuquerque, for plaintiffs-appellees.

Michael H. Harbour, Martin R. Esquivel, Montgomery & Andrews, P.A., Albuquerque, for defendants-appellants.

OPINION

ALARID, Judge.

Defendant appeals the denial of its motion to dismiss for non-compliance with the statute of limitations. The application for interlocutory appeal was granted and the case assigned to the summary calendar with reversal proposed. Both parties have timely responded to the proposed reversal. After consideration of the arguments in both memoranda, we reverse.

On the evening of December 6, 1987, plaintiff was walking along the shoulder of a road within the Village of Corrales. At a point where the road suddenly narrowed, plaintiff fell into a drainage ditch. Immediately after the fall, plaintiff went to the hospital, where her ankle was x-rayed. The treating physician diagnosed a bimalleolar fracture. Plaintiff was to return the next day for surgery. On the next day, December 7, 1987, during the surgery it was discovered that the fracture was trimalleolar, a more serious injury. Plaintiff's complaint against the village for damages from personal injury was filed on December 7, 1989.

NMSA 1978, Section 41–4–15(A) (Repl. Pamp.1989), states that actions against a governmental entity or public employee for tort shall be forever barred unless such action is commenced within two years after the date of the occurrence resulting in loss, injury or death. A line of New Mexico case law has held that under the Tort Claims Act, the limitation period commences "when an injury manifests itself *and* is ascertainable rather than when the wrongful or negligent act occurs." *See Long v. Weaver,* 105 N.M. 188, 191, 730 P.2d 491, 494 (Ct.App.1986) (emphasis in original). This line of cases, however, developed from medical malpractice actions where the injury was not immediately apparent. *See Peralta v. Martinez,* 90 N.M. 391, 564 P.2d 194 (Ct.App.1977). It was decided that the statute of limitations could not begin to run until the injury was sustained. The injury is sustained when the harmful effect first manifests itself and becomes physically ascertainable. *Id.* at 394, 564 P.2d at 197. Therefore, when a

plaintiff begins to suffer pain from a "foreign object" remaining after a surgery many years before, the statute of limitations begins to run. *See id.*, citing *Layton v. Allen*, 246 A.2d 794 (Del.1968). When a mother is advised she should have no more children because of an Rh-positive sensitivity, the statute of limitations begins to run. *Tafoya v. Doe*, 100 N.M. 328, 670 P.2d 582 (Ct.App.1983).

Plaintiff argues in this case that the injury was not ascertainable until the day of surgery, when the trimalleolar fracture was discovered. She argues that "to ascertain" means to find out for a certainty, to make sure of. *See Webster's Third New International Dictionary* 126 (1966). Therefore, she argues that the assessment of her injury was not complete or certain until the day of the surgery. She argues that an injury cannot be ascertained until the correct diagnosis has been completed. We cannot agree.

The term "ascertainable" is used in those cases where the injury is inherently unknowable. There can be no cause of action for negligence until there has been resulting injury. *See Spurlin v. Paul Brown Agency, Inc.*, 80 N.M. 306, 454 P.2d 963 (1969). Until it is certain that there is an injury, the statute of limitations cannot run. *Peralta v. Martinez*. Here, plaintiff fell in a ditch and broke her ankle on December 6, 1987. At that time, it was certain that plaintiff had suffered an injury as a consequence of the alleged wrongful act of another for which the law affords a remedy. Therefore, the statute of limitations attached. *See* NMSA 1978, § 37–1–1. This case is distinguishable from those medical malpractice cases where the injury does not evidence itself until long after the occurrence of the negligent act. Likewise, it is distinguishable from those workers' compensation cases where the injury is latent and the worker cannot know the seriousness and probable compensable character of the injury.

It was immediately apparent to plaintiff that she suffered an injury from her fall. She promptly went to the emergency room of the hospital for treatment and was diagnosed as having a broken ankle. The fact that the full extent of the injury was not known does not affect the running of the statute of limitations. *See Crumpton v. Humana, Inc.*, 99 N.M. 562, 661 P.2d 54 (1983). To so hold would defeat the purpose of the statute of limitations. It is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run. Once plaintiff suffers loss or injury, the statute begins to run. *See Aragon & McCoy v. Albuquerque Nat'l Bank*, 99 N.M. 420, 659 P.2d 306 (1983).

Here plaintiff suffered an injury on December 6, 1987. The statute of limitations ran on December 6, 1989. The filing of plaintiff's complaint on December 7, 1989, did not comply with the two-year statute of limitations. The complaint should have been dismissed for non-compliance. This case is reversed and remanded to the district court for entry of an order of dismissal.

IT IS SO ORDERED.

BIVINS, C.J., and DONNELLY, J., concur.