**FEDERAL DEPOSIT INSURANCE
CORPORATION, Plaintiff,**

v.

**Evelyn Gretchen BELLI, formerly known
as Gretchen Riddell and Gretchen Riddell Ritchey, Defendant.**

**Civ. A. No. J90–0218(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 13, 1991.

R. L. Houston, Hancock & Houston, Jackson, Miss., for plaintiff.

Evelyn Gretchen Belli, pro se.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on Defendant's Motion for Summary Judgment. Plaintiff has responded to the Motion. The Court, having considered the Motion and Response, together with memoranda of authorities and attachments thereto, now renders the following findings of fact and conclusions of law.

### I. FACTS AND PROCEDURAL HISTORY

On September 28, 1982, Defendant, Evelyn Gretchen Belli, executed a promissory note for $98,500.00 in favor of The Mississippi Bank.

Beginning on December 3, 1982 and extending through March 9, 1983, Defendant, acting as the authorized officer and on behalf of the Riddell Corporation, executed a series of five promissory notes in favor of The Mississippi Bank. In connection with these and other promissory notes executed on behalf of the corporation, Defendant executed a series of personal guaranty agreements from January, 1981 through 1983 in which Defendant agreed to personally guarantee any indebtedness the Riddell Corporation might have with The Mississippi Bank. In all, Defendant personally guaranteed $916,293.54 in Riddell Corporation debts.

By September 23, 1983, all of the promissory notes at issue in this proceeding had fallen due without payment of the balances. Despite repeated demands and attempts to collect these balances, the indebtedness which Defendant either owed personally or had guaranteed remained outstanding.

On May 11, 1984, Plaintiff, the Federal Deposit Insurance Corporation ("FDIC"), was appointed receiver of The Mississippi Bank. Accordingly, FDIC became the owner and holder of Defendant's debt obligation to The Mississippi Bank.

On May 7, 1990, FDIC filed the instant lawsuit, seeking to recover both the $98,-500.00 due on the note personally executed by Defendant and the $916,293.54 due under the guaranties Defendant had executed. Defendant has now moved this Court for summary judgment, asserting that Plaintiff's claims are barred by the six year statute of limitations provided under 28 U.S.C. § 2415. Conversely, Plaintiff contends that under both case law interpreting section 2415 and under recently enacted provisions of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), this action was instituted within the time period provided for under federal law.

This case presents the issue of which two lines of authority the United States Court of Appeals for the Fifth Circuit would have adopted in the absence of the passage of FIRREA.

### II. CONCLUSIONS OF LAW

#### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray*

*Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper merely where the court believes it unlikely that the opposing party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir. 1962).

The party moving for summary judgment bears the responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrates the absence of a genuine issue of fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. However, the movant need not support the motion with materials that negate the opponent's claim. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to an absence of evidence to support the non-moving party's claim; the non-moving party must then designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

### B. Analysis

■ The primary issue of law presented by Defendant's Motion is whether Plaintiff's claims are barred by the six year statute of limitations provided under 28 U.S.C. § 2415 or by 12 U.S.C. § 1821(d)(14), as amended by section 212(d)(14) of FIRREA. Because this action is one brought by an agency of the United States,[1] a two step analysis must be applied in resolving statute of limitations issues: (1) whether the applicable state limitations period had expired when the federal agency acquired the claims being asserted; and (2) whether the applicable federal limitations period expired between the time the federal agency acquired the claims and the time suit was filed.

### (1) *Application of State Limitations Period*

■ The Mississippi statute of limitations in effect at the time that the notes

and guaranties at issue in this matter were executed provided that suits on claims such as those asserted by Plaintiff must be filed within six years after the cause of action accrued. *See* Miss.Code Ann. § 15–1–49 (1972); *First National Bank v. Drummond,* 686 F.2d 1117 (5th Cir.1982) (holding that six year statute of limitations applied in action on an instrument guaranteeing payment of a secured note). Because the notes and guaranties at issue were executed between September, 1982, and March, 1983, the Court, without determining their maturity dates, concludes that there is no possibility that the six year statute of limitations applied under section 15–1–49 could have expired by the time FDIC was appointed receiver of The Mississippi Bank in May, 1984. Accordingly, the Court finds that FDIC acquired viable claims against Defendant when it became the owner and holder of Defendant's debt obligation in May, 1984.

### (2) *Application of Federal Limitations Period*

■ Once a federal agency acquires a cause of action from a private party that is not barred by the applicable state statute of limitations, a federally prescribed limitations period thereafter preempts the state provision and is controlling in subsequent litigation. *FDIC v. Hinkson,* 848 F.2d 432, 434 (3rd Cir.1988); *United States v. Sellers,* 487 F.2d 1268, 1269 (5th Cir.1973).

When the United States or a federal agency brings a suit for monetary damages, 28 U.S.C. § 2415 provides the applicable federal limitations period. For contract actions such as the instant matter, section 2415(a) provides a six year limitations period from the date the cause of action accrues.

In determining when a cause of action accrues for purposes of applying section 2415(a), federal courts prior to the passage of FIRREA split on the point in time at which the limitations period began to run

---

1. 28 U.S.C. § 451 defines "agency" as "any department, independent establishment, commission, administration, authority, board, or bureau of the United States or any corporation in which the United States has a proprietary inter-

est." FDIC clearly falls within this broad ranging definition of "agency," and remains an agency of the United States even when acting in its corporate capacity. *See FDIC v. Bird,* 516 F.Supp. 647, 649 (D.P.R.1981).

on claims acquired by FDIC. One line of authority held that, even though the claim might actually have first become actionable at some earlier point in time, the cause of action did not accrue and the statute of limitations did not begin to run against FDIC under section 2415 until the federal agency acquired the claim, most commonly held to be the date of assignment or receivership. *See FDIC v. Former Officers & Directors of Metropolitan Bank*, 884 F.2d 1304, 1309 (9th Cir.1989); *FDIC v. Hinkson*, 848 F.2d at 435; *FDIC v. Cardona*, 723 F.2d 132, 134 (1st Cir.1983); *FDIC v. Carlson*, 698 F.Supp. 178, 180 (D.Minn. 1988); *FSLIC v. Burdette*, 696 F.Supp. 1196, 1200 (E.D.Tenn.1988); *FDIC v. Hudson*, 673 F.Supp. 1039, 1041 (D.Kan.1987); *FDIC v. Buttram*, 590 F.Supp. 251, 254 (N.D.Ala.1984). Conversely, a separate line of cases held that the cause of action accrued when the claim first became actionable, regardless of whether the federal agency had actually acquired the claim at that time or not. *See FDIC v. Galloway*, 856 F.2d 112, 116 (10th Cir.1988); *FDIC v. Petersen*, 770 F.2d 141, 143 (10th Cir.1985); *FDIC v. Greenwood*, 701 F.Supp. 691, 694 (C.D.Ill.1988); *United States v. Rollinson*, 629 F.Supp. 581, 583 (D.D.C.1986); *United States v. Cardinal*, 452 F.Supp. 542, 544 (D.Vt.1978).

On August 9, 1989, FIRREA was enacted and specifically resolved the split that had developed among federal courts concerning the accrual of actions against FDIC.

(14) STATUTE OF LIMITATIONS FOR ACTIONS BROUGHT BY CONSERVATOR OR RECEIVER.—

(A) IN GENERAL.—Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of—

(I) the 6–year period beginning on the date the claim accrues; or

(II) the period applicable under State law[.]

\*      \*      \*      \*      \*      \*

(B) DETERMINATION OF THE DATE ON WHICH A CLAIM ACCRUES.—For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of—

(i) the date of the appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues.

12 U.S.C. § 1821(d)(14), as amended by FIRREA § 212(d)(14).

Several courts which have considered particular sections of FIRREA have concluded that procedural and remedial provisions of the act should be applied retroactively. *See NCNB Texas National Bank v. Cowden*, 895 F.2d 1488, 1500–01 (5th Cir.1990) (giving retroactive effect to FIRREA amendments of the bridge bank statute); *Triland Holdings & Co. v. Sunbelt Service Corp.*, 884 F.2d 205, 207 (5th Cir. 1989) (giving retroactive effect to FIRREA jurisdictional provisions). Specifically, the Court notes that FIRREA section 212(d)(14) was given retroactive effect in the case of *Federal Deposit Insurance Corp. v. Howse*, 736 F.Supp. 1437, 1446–47 (S.D.Tex.1990).

Plaintiff argues that, because the claims sued upon in the instant matter were acquired by FDIC on May 11, 1984, that is the date on which the statute of limitations began to run under FIRREA section 212(d)(14)(B)(i), and because suit was ultimately filed on May 7, 1990, FDIC has brought suit within the six year limitations period prescribed under FIRREA section 212(d)(14)(A)(i)(I). On the other hand, Defendant argues that, even assuming FIRREA is given retroactive effect so that section 212(d)(14) applies in this matter, the facts of this case do not conclusively establish that all of the claims asserted by Plaintiff were viable at the time of FIRREA's passage, thus precluding the application of the act to at least some of the asserted claims. Specifically, Defendant argues that, because courts were split prior to the passage of FIRREA on the issue of when

the statute of limitations began to run on a claim acquired by FDIC, and because the United States Court of Appeals for the Fifth Circuit never addressed that particular issue directly, it is possible that the court would have concluded that the statute of limitations began to run against FDIC when the claim originally became actionable. If this conclusion was then applied to the facts of the instant case, some of the claims now being asserted by FDIC would have been time barred prior to August 9, 1989, the effective date of FIRREA, thus precluding the application of that act to those claims. On this basis, Defendant argues that some of the claims asserted by FDIC must now be dismissed as time barred, irrespective of any clarification in the law that was made by FIRREA.

■ While the Court appreciates the novelty of Defendant's argument, it cannot agree that the United States Court of Appeals for the Fifth Circuit would have concluded under pre-FIRREA law that accrual of a claim held by FDIC began on the date that the claim originally matured. As the *Hinkson* court noted, the practical result of allowing accrual to start on the date the claim originally matured is to shorten the period of time in which FDIC may file suit once it later acquires the claim through appointment or assignment, thus placing it at a disadvantage with private litigants who have always been entitled to the full limitations period in determining when to file suit. *Hinkson*, 848 F.2d at 435. This Court likewise concludes that it would misstate the purpose and intent of federal statutes of limitation to apply them in a manner that clearly places federal agencies at a disadvantage. Accordingly, the Court finds that, if the United States Court of Appeals for the Fifth Circuit had been presented with this issue prior to the passage of FIRREA, it would have concurred with that line of cases holding that a claim held by FDIC began to accrue only upon the date that FDIC actually acquired the claim.

Based upon the foregoing analysis, the Court concludes that the claims asserted in the instant matter by FDIC did not begin to accrue until May 11, 1984, the date on which FDIC became holder of the notes and guaranties at issue. Because the six year statute of limitations provided under 28 U.S.C. § 2415(a) would have allowed these claims to remain viable past the August, 1989 passage date of FIRREA, the Court finds that FIRREA section 212(d)(14) may be retroactively applied in the instant matter to all claims asserted by Plaintiff. Accordingly, the Court concludes that under FIRREA section 212(d)(14), suit was properly filed by FDIC within six years of the date of which FDIC was appointed receiver of The Mississippi Bank and that the claims asserted in this matter are therefore not barred by the federal statute of limitations. On this basis, the Court finds that Defendant's Motion for Summary Judgment should be denied.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is hereby denied.

SO ORDERED.