WILLIAM C. DAVIDSON, P.C.

v.

Jim MILLS, et al.

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for United Bank of Texas.

Civ. No. A–92–CA–149.

United States District Court, W.D. Texas, Austin Division.

April 6, 1992.

William C. Davidson, Jr., pro se.

Richard E. Anderson, FDIC Legal Dept., Roy G. Morris, Dallas, Tex., Thomas J. Fisher, Addison, Tex., for F.D.I.C.

## ORDER

NOWLIN, District Judge.

Before the Court is Plaintiff Davidson's Motion for Temporary Restraining Order and Preliminary Injunction Against FDIC/United Bank of Texas, filed on March 30, 1992. Having reviewed and considered the motion, the Court is of the opinion that it should be DENIED.

Plaintiff Davidson's main argument focuses on the statute of limitations period that is applicable to this particular situation. The plaintiff argues that the limitation period on this action has run and, therefore, that this Court cannot permit the FDIC to pursue its rights against the debt or the property at issue.

In deciding whether to issue a Temporary Restraining Order, this Court must apply the following rule:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required....

Fed.R.Civ.P. 65(b). The Fifth Circuit requires that the movant for a preliminary injunction has the burden of proving four elements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) that the injunction will not disserve the public interest.

*Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 471 (5th Cir.1985).

Only for the purposes of this order, this Court will assume the veracity of the following statements made in the motion. The cause of action on the debt and property accrued on April 4, 1984. On June 4, 1987, the FDIC was appointed as receiver of the bank. On April 4, 1988, the limitations period under Texas law expired. In August of 1989, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") was enacted.

Section 1821(d)(14) provides the pertinent language concerning the limitations period under FIRREA:

> (14) Statute of limitations for actions brought by conservator or receiver
>
> (A) In general
>
> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—
>
> (i) in the case of any contract claim, the longer of—
>
> (I) the 6–year period beginning on the date the claim accrues; or
>
> (II) the period applicable under State law; and
>
> (ii) in the case of any tort claim, the longer of—
>
> (I) the 3–year period beginning on the date the claim accrues; or
>
> (II) the period applicable under State law.
>
> (B) Determination of the date on which a claim accrues
>
> For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the later of—
>
> (i) the date of the appointment of the Corporation as conservator or receiver; or
>
> (ii) the date on which the cause of action accrues.

12 U.S.C. § 1821(d)(14).

To resolve the statute of limitations issue, this Court must determine:

(1) whether the applicable state limitations period had expired when the federal agency acquired the claims being asserted; and

(2) whether the applicable federal limitations period expired between the time the federal agency acquired the claims and the time suit was filed.

*See Federal Deposit Insurance Corp. v. Belli,* 769 F.Supp. 969, 971 (S.D.Miss.1991). The Third Circuit has concluded that the six year statute of limitations period under 28 U.S.C. § 2415(a) does not begin to run until the date on which the FDIC is appointed as receiver. *Federal Deposit Insurance Corp. v. Hinkson,* 848 F.2d 432, 435 (3d Cir.1988). When a claim has not been barred by state law at the time of assignment to the FDIC, the federal statute of limitations applies and preempts the state law. *Id.* at 434–435. Because the state limitations period had not run by the date on which the FDIC was appointed as receiver, the first step of the two part test has been met by the facts of this case.

In *Belli,* the district court held that:

> Because the six year statute of limitations provided under 28 U.S.C. § 2415(a) would have allowed these claims to remain viable past the August, 1989 passage date of FIRREA, the Court finds that FIRREA section 212(d)(14) [12 U.S.C. § 1821(d)(14) ] may be retroactively applied in the instant matter to all claims asserted by Plaintiff. Accordingly, the Court concludes that under FIRREA section 212(d)(14), suit was properly filed by FDIC within six years of the date of which FDIC was appointed receiver of [the bank] and that the claims asserted in this matter are therefore not barred by the federal statute of limitations.

*Belli,* 769 F.Supp. at 973. The federal statute of limitations has, likewise, not run in the present case.

The movant is probably correct that the FDIC may be enjoined when the FDIC is attempting to commit an act that the FDIC does not have legal authority to commit. The FDIC, however, clearly cannot be enjoined from committing an act within its

legal authority, regardless of the other party's likelihood of success on the underlying claims. *See 281–300 Joint Venture v. Onion*, 938 F.2d 35, 39 (5th Cir.1991) *cert. denied* —— U.S. ——, 112 S.Ct. 933, 117 L.Ed.2d 105 (1992).

█ In a recent decision, the Ninth Circuit concluded that although the statutory text and legislative history of FIRREA do not clearly resolve the issue of the statute's retroactivity that retroactive application of section 1821(d)(14)(A)(i) to pending cases is appropriate. *See Federal Deposit Insurance Corp. v. New Hampshire Insurance Company*, 953 F.2d 478, 486–487 (9th Cir.1992). The Ninth Circuit followed the reasoning of a federal district court from Texas that because the statute of limitations is procedural in nature that this statute [12 U.S.C. § 1821(d)(14)] is accorded retroactive effect because no substantive rights will be affected. *Id.* at 487 *citing Federal Deposit Insurance Corp. v. Howse*, 736 F.Supp. 1437, 1446 (S.D.Tex. 1990).

The Fifth Circuit has concluded that certain procedural and remedial provisions of the act should be applied retroactively. *See NCNB Texas National Bank v. Cowden*, 895 F.2d 1488, 1500–01 (5th Cir.1990) (the court essentially gave retroactive effect to amendments that merely clarified rather than changed the law concerning bridge bank statute foreclosures); *see also Triland Holdings & Co. v. Sunbelt Service Corp.*, 884 F.2d 205, 207 (5th Cir.1989) (the court gave retroactive effect to certain jurisdictional provisions of FIRREA).

ACCORDINGLY IT IS ORDERED that Plaintiff Davidson's Motion for a Temporary Restraining Order and Preliminary Injunction, filed on March 30, 1992, is hereby DENIED.