THWEATT V. JACKSON 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-91-364-CV





GARY THWEATT,



 
 APPELLANT


vs.





CORDUS JACKSON, JR.,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 132,787-B, HONORABLE RICK MORRIS, JUDGE 



 





 The opinion and judgment issued by this Court on June 3, 1992, are withdrawn,
and the following opinion is filed in lieu of the earlier one.

 Gary Thweatt, appellant, brought suit against Cordus Jackson, Jr., appellee, on a
promissory note executed by Jackson. The trial court rendered summary judgment that Thweatt's
suit was barred by the four-year statute of limitations. See Tex. Civ. Prac. & Rem. Code Ann.
§ 16.004 (1986). Thweatt challenges that judgment in a single point of error. We will reverse
the trial court's judgment and remand the cause for further proceedings.




BACKGROUND


 The facts are not disputed. On January 4, 1984, Jackson executed a promissory
note payable to the order of The Peoples National Bank of Lampasas. The note matured on May
3, 1984, and Jackson failed to pay the amount due, thereby defaulting on the note.

 On April 18, 1985, the Comptroller of the Currency closed Peoples National Bank
and named the Federal Deposit Insurance Corporation ("FDIC") as receiver. As receiver, the
FDIC became the holder and owner of Jackson's note. That same date, the FDIC, in its corporate
capacity, purchased Jackson's note from the FDIC as receiver.

 On December 28, 1988, the FDIC sold Jackson's note to Thweatt. By a letter
dated December 13, 1989, Thweatt made a demand on Jackson for payment of the note. Jackson
did not pay, and Thweatt filed this suit against him on April 15, 1991.


DISCUSSION


 As the movant for summary judgment, Jackson had the burden of showing that
there was no genuine issue of material fact and that he was entitled to summary judgment as a
matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
The facts were not disputed; therefore, we must determine whether, on the basis of those facts,
limitations barred Thweatt's suit.

 There is no question that the four-year statute of limitations in section 16.004 of
the Civil Practice and Remedies Code expired on May 3, 1988, and that Thweatt did not file suit
against Jackson until April 15, 1991; therefore, Thweatt's suit is barred if it falls under section
16.004.

 In an effort to avoid the effect of section 16.004, Thweatt argues that his cause of
action is governed by the following six-year statute of limitations applicable to the FDIC:



(A) Notwithstanding any provision of any contract, the applicable statute of
limitations with regard to any action brought by the Corporation as
conservator or receiver shall be--


  (i) in the case of any contract claim, the longer of--


  (I) the 6-year period beginning on the date the claim accrues; or


 (II) the period applicable under State law . . . .


(B) For purposes of subparagraph (A), the date on which the statute of limitation
begins to run on any claim described in such subparagraph shall be the later
of--


  (i) the date of the appointment of the Corporation as conservator or
receiver; or


 (ii) the date on which the cause of action accrues.



12 U.S.C. § 1821(d)(14) (Supp. I 1989). The FDIC was appointed receiver on April 18, 1985,
so the six-year statute of limitations in section 1821 was not scheduled to expire until April 18,
1991. Thweatt filed suit against Jackson on April 15, 1991; therefore, if section 1821 applies to
Thweatt's suit, his cause of action is not barred by limitations.

 In support of his position that section 1821(d)(14) applies to his suit, Thweatt argues
that because he purchased Jackson's note from the FDIC, under federal and state law he became
vested with the same rights the FDIC had in the note. He reasons, therefore, that the six-year
statute of limitations applicable to the FDIC is also applicable to him as a transferee. We agree.

 First, although section 1821(d)(14) was not enacted until August 9, 1989 as part of
the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub. L.
No. 101-73, § 212(d)(14), 103 Stat. 183, 232-33 (1989), the federal courts have been virtually
unanimous in giving the provision retroactive effect. See FDIC v. New Hampshire Ins. Co., 953
F.2d 478, 486-87 (9th Cir. 1991); FDIC v. Schoenberger, 781 F. Supp. 1155, 1158 (E.D. La.
1992); FDIC v. Thayer Ins. Agency, Inc., 780 F. Supp. 745, 748-50 (D. Kan. 1991); FDIC v.
BancInsure, Inc., 770 F. Supp. 496, 498-99 (D. Minn. 1991); Resolution Trust Corp. v.
International Ins. Co., 770 F. Supp. 300, 302-04 (E.D. La. 1991); FDIC v. Belli, 769 F. Supp.
969, 971-73 (S.D. Miss. 1991); Resolution Trust Corp. v. Interstate Fed. Corp., 762 F. Supp.
905, 908-10 (D. Kan. 1991); Resolution Trust Corp. v. Krantz, 757 F. Supp. 915, 920-22 (N.D.
Ill. 1991); FDIC v. Howse, 736 F. Supp. 1437, 1445-46 (S.D. Tex. 1990). But see FDIC v.
Cherry, Bekaert & Holland, 742 F. Supp. 612, 615-16 (M.D. Fla. 1990) (holding that section
1821(d)(14) should not be applied retroactively). See also Fust v. Arnar-Stone Laboratories, Inc.,
736 F.2d 1098, 1100 (5th Cir. 1984) (stating that "[s]tatutes of limitation, being procedural and
remedial in nature, are generally accorded retroactive effect, unless they are unconstitutionally
cast."). (1)

 Second, it is axiomatic that an assignee of a promissory note stands in the shoes of
the assignor and obtains the rights, title, and interest that the assignor had at the time of the
assignment. See Kirby Forest Indus., Inc. v. Dobbs, 743 S.W.2d 348, 354 (Tex. App. 1987, writ
denied); State Fidelity Mortgage Co. v. Varner, 740 S.W.2d 477, 480 (Tex. App. 1987, writ
denied); Travelers Indem. Co. v. Snyder Nat'l Bank, 361 S.W.2d 926, 928-29 (Tex. Civ. App.
1962, writ ref'd n.r.e.); 6A C.J.S. Assignments §§ 73, 88 (1975). Moreover, the assignee of a
debt ordinarily obtains all remedies which were available to the assignor against the debtor for the
enforcement of the obligation. See J.W.D., Inc. v. Federal Ins. Co., 806 S.W.2d 327, 329 (Tex.
App. 1991, no writ); 6A C.J.S. Assignments § 89 (1975).

 Therefore, as an assignee of the FDIC, Thweatt obtained the FDIC's claim to the
amount due on the Jackson note, as well as the FDIC's right to assert that claim in a court of law. 
There is no dispute that at the time it assigned the Jackson note to Thweatt, the FDIC had the right
to sue Jackson on the note until April 18, 1991, by virtue of the six-year limitations period
contained in section 1821. Thus, we conclude that Thweatt stood in the shoes of the FDIC and
had the right to assert a claim on the promissory note to the same extent as the FDIC. Because
the FDIC had until April 18, 1991, to file suit against Jackson on the note, Thweatt did too. Only
one other appellate court in Texas has addressed this issue, and it reached the same conclusion. 
See Pineda v. PMI Mortgage Ins. Co., No. 13-91-239-CV (Tex. App.Corpus Christi, May 27,
1992, n.w.h.) (also holding, in the alternative, that the Texas four-year statute of limitations is
tolled when the government acquires the claim).

 Our conclusion finds further support in the federal courts. In Mountain States
Financial Resources Corp. v. Agrawal, 777 F. Supp. 1550, 1552 (W.D. Okla. 1991), the
defendants in a suit on promissory notes argued that the six-year statute of limitations contained
in section 1821 applied only to actions brought by the FDIC, not the FDIC's assignees. In
rejecting this argument, the court stated:


They [the defendants] do not dispute that had the FDIC brought the action, the six-year limitations period would apply. An assignee stands in the shoes of the
assignor, and acquires all of the assignors's rights and liabilities in the assignment. 
This general principle and a strong public policy require that the FDIC's assignee
acquire the six-year limitations period provided by § 1821(d)(14)(A).


777 F. Supp. at 1552.

 In a closely related setting, the federal courts have allowed assignees to step into the
shoes of the FDIC and benefit from its so-called "super-holder-in-due-course" status granted by
FIRREA, 12 U.S.C. § 1823(e) (Supp. I 1989). See Porras v. Petroplex Sav. Ass'n, 903 F.2d
379, 381 (5th Cir. 1990); FDIC v. Newhart, 892 F.2d 47, 49-50 (8th Cir. 1989). In so holding,
the Eighth Circuit in Newhart reasoned that a transferee of a note is vested with such rights as the
FDIC had therein at the time of the transfer. The court also gave the following public-policy
rationale for its conclusion:


 In certain cases, such as the instant one, the FDIC may decide to sell
returned assets after bringing suit for collection. Because these assets are usually
nonperforming loans, there would be little or no incentive for prospective
purchasers to acquire them if they were subject to the personal defenses of the
obligors based on undisclosed agreements. If this avenue of cutting losses became
unavailable to the FDIC, purchase and assumption transactions would become
more expensive and thus, less likely to occur.


Newhart, 892 F.2d at 50. By the same token, if assignees of the FDIC were not allowed to
benefit from the six-year statute of limitations in FIRREA, the FDIC would be forced to prosecute
all notes for which the state statute of limitations had run, because such claims would be worthless
to anyone else. Such a result would be contrary to the policy of ridding the federal system of
failed bank assets.


CONCLUSION


 Based on our foregoing discussion, we conclude that the six-year statute of
limitations contained in section 1821(d)(14) of FIRREA applies to Thweatt's suit; therefore, his
cause of action is not barred by limitations. We sustain Thweatt's point of error, reverse the trial
court's judgment, and remand the cause for further proceedings.



 J. Woodfin Jones, Justice

[Before Justices Powers, Jones and Kidd]

Reversed and Remanded

Filed: August 26, 1992

[Publish]
1. We note that even if we were to conclude that section 1821(d)(14) should not be given
retroactive effect, our result in the present case would likely be the same. Prior to FIRREA,
and pursuant to 28 U.S.C. § 2415(a) (1988) (the general federal six-year statute of
limitations), the FDIC had the right to bring a contractual claim for six years from the date it
acquired the claim. See FDIC v. Mmahat, 907 F.2d 546, 551 n.5 (5th Cir. 1990), cert.
denied, 111 S.Ct. 1387 (1991); FDIC v. Former Officers & Directors of Metro. Bank, 884
F.2d 1304, 1306-09 (9th Cir. 1989), cert. denied sub nom. Lee v. FDIC, 110 S.Ct. 3215
(1990); FDIC v. Hinkson, 848 F.2d 432, 435 (3d Cir. 1988); FDIC v. Cardona, 723 F.2d
132, 134 (1st Cir. 1983); Belli, 769 F. Supp. at 971-73. In the trial court as well as this
Court, Thweatt has relied on both section 1821(d)(14) and section 2415(a), under either of
which the FDIC had the right to pursue its contractual claim for six years after it acquired the
note.