**RESOLUTION TRUST CORPORATION,**
**in its corporate capacity, Plaintiff,**

v.

**James H. FOLEY, Martha Foley, Tobe A. Turpen, Jr., Dorris Turpen, James T. McGuckin, Gay McGuckin, Jay C. Sloan and Josephine Sloan, Defendants.**

**Civ. No. 93–165 SC.**

United States District Court,
D. New Mexico.

June 16, 1993.

David N. Hernandez, Hernandez & Holt, Albuquerque, NM, and Richard C. Sanders, Peter A. Metters and John R. Doody, Hill Lewis Marce, Phoenix, AZ, for plaintiff.

R.E. Thompson and Angelo J. Artuso, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, for defendants Turpen and McGuckin.

Gordon S. Little, Albuquerque, NM, for defendants Sloan.

*MEMORANDUM OPINION AND ORDER*

CAMPOS, District Judge.

This tort action is before the Court on a Motion to Dismiss filed March 8, 1993 by the following defendants: Tobe A. Turpen, Jr., Dorris Turpen, James T. McGuckin, Gay McGuckin, Jay C. Sloan and Josephine Sloan. For the reasons contained in this Opinion, the motion will be denied.

Plaintiff, Resolution Trust Corporation ("RTC"), brings this action in tort pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIR-REA"). Jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1345, and 12 U.S.C. § 1441a(*l*)(1). Defendants are former directors of the failed Sandia Federal Savings & Loan Association ("Sandia"), which was taken over by the FSLIC on February 10, 1989. Subsequently RTC succeeded in interest to the FSLIC.

The complaint was filed on February 9, 1993. It alleges three causes of action against the defendants, negligence, gross negligence and breach of fiduciary duty of care, for allegedly approving imprudent loans in the course of their duties as directors of Sandia, a federally insured savings and loan institution. The motion to dismiss is premised on two grounds: that the statute of limitations has run, or that the complaint fails to allege injury and therefore fails to state a claim. Neither ground has merit.

■ **Statute of Limitations.** The first question that must be resolved in this analysis is what statute applies to this case. Initially it appeared that the parties agreed that the applicable statute of limitations is contained in FIRREA, 12 U.S.C. § 1821(d)(14). In their reply brief, however, the defendants for the first time argue that the three-year limitation in 28 U.S.C. § 2415 should apply. This come-lately argument is that FIRREA's limitation provision should not be applied retroactively to this case because on the day when FSLIC was appointed conservator, February 10, 1989, FIRREA had not yet become effective.[1] This argument ignores the fact that the limitations section in FIR-

REA is a procedural, not a substantive, statute, and the rule on retroactivity is contrary to defendants' position. *See, Arnold v. Maynard,* 942 F.2d 761, 762 n. 2 (10th Cir.1991) (presumption of retroactivity for statutes that address matters of procedure and jurisdiction); *FDIC v. New Hampshire Ins. Co.,* 953 F.2d 478, 487 (9th Cir.1991); *FDIC v. Howse,* 736 F.Supp. 1437, 1446 (S.D.Tex. 1990); *William C. Davidson, P.C. v. Mills,* 789 F.Supp. 845, 848 (W.D.Tex.1992); *contra, FDIC v. Cherry, Bekaert & Holland,* 742 F.Supp. 612, 615–16 (M.D.Fla.1990). *Compare, DeVargas v. Mason & Hanger–Silas Mason Co., Inc.,* 911 F.2d 1377, 1388–93 (10th Cir.1990) (substantive rules of law presumed not to apply retroactively), *cert. denied,* 498 U.S. 1074, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991).

The Court holds that this action is governed by the statute of limitations contained in 12 U.S.C. § 1821(d)(14), which provides in pertinent part as follows:

(A) **In general**

Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—

. . . . . .

(ii) in the case of any tort claim, the longer of—

(I) the 3–year period beginning on the date the claim accrues; or

(II) the period applicable under State law.

(B) **Determination of the date on which a claim accrues**

For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the later of—

(i) the date of the appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues.

This section by its literal terms is applicable to the Federal Deposit Insurance Corporation ("FDIC") in actions brought in its capacity as a conservator or receiver. It applies to the FDIC in its corporate capacity

---

1. FIRREA became effective on August 9, 1989, about six months after the FSLIC's appointment.

by virtue of 12 U.S.C. § 1823(d)(3)(A). *FDIC v. Thayer Ins. Agency, Inc.,* 780 F.Supp. 745, 749 (D.Kan.1991); *Howse,* 736 F.Supp. at 1445. Further, the section applies to RTC by virtue of 12 U.S.C. § 1441a(b)(4)(A). *RTC v. International Ins. Co.,* 770 F.Supp. 300, 302 (E.D.La.1991).

■ Under a plain reading of this statute, a two-step analysis is suggested. First, determine which limitation period applies, the three-year period in section 1821(d)(14)(A)(ii)(I), or the applicable state law limitation. Second, determine the date on which the claim accrued, either the date of appointment or the date on which the cause of action accrued under state law. The statute requires in both steps that the most favorable treatment be given to survival of the claim, by requiring that the longer limitation period applies, and that the later date of accrual be used.

Additionally, a principle has developed through case law that does not appear in the plain language of the statute, that if at the time of appointment of the FSLIC a claim has already expired under state law, FIRREA does not operate to revive that claim. *See, e.g., Guaranty Trust Co. v. United States,* 304 U.S. 126, 141–43, 58 S.Ct. 785, 793–94, 82 L.Ed. 1224 (1938); *FDIC v. Belli,* 981 F.2d 838, 842–43 (5th Cir.1993). This principle prevents very old, expired claims from being brought back to life. Thus, even before the statutory two-step analysis is begun, the claim must pass the hurdle of not having expired under state law.

In this case, it is undisputed that claims based on those loans described in the complaint were still viable under New Mexico law when FSLIC was appointed on February 10, 1989, because that occurred less than four years after June 19, 1985, the earliest possible date of accrual of the claims.

In New Mexico, torts that result in injury to property are governed by a four-year statute of limitations. N.M.Stat.Ann.1978 § 37–1–4 (1990 Repl.). Also under New Mexico common law, a tort cause of action accrues once a plaintiff suffers loss or injury. *Bol-*

*den v. Corrales,* 111 N.M. 721, 809 P.2d 635 (Ct.App.), *cert. denied,* 111 N.M. 77, 801 P.2d 659 (1990). By statute, accrual is delayed until an injury to or conversion of property is discovered by the plaintiff. N.M.Stat.Ann. 1978 § 37–1–7; *Ramsey v. Culpepper,* 738 F.2d 1092, 1096–97 (10th Cir.1984). By the allegations of the complaint, loss or injury to Sandia must have occurred prior to the time when FSLIC was appointed on February 10, 1989. The complaint alleges that Sandia was damaged through six loan transactions, the earliest of which was approved by the Board of Directors on June 19, 1985. Obviously, no injury from any of the six loan transactions was possible before the loans were approved and funded, so the date of accrual of the claims under state law was no earlier than June 19, 1985.

Having passed the initial hurdle of the claims being viable when FSLIC was appointed, the Court turns to application of the provisions of § 1821(d)(14). First, these claims are governed by the longer four-year limitations period provided by New Mexico law; and second, the causes of action accrued for purposes of FIRREA on February 10, 1989 when FSLIC was appointed conservator for Sandia. The case was filed February 9, 1993, less than four years later, therefore, the claims were timely filed.

Defendants' only argument is that if a cause of action has already accrued and the state statute of limitations has begun to run prior to the appointment of a conservator or receiver, then the appointment should not "restart" the state statute of limitations. They cite *FDIC v. Hinkson,* 848 F.2d 432 (3d Cir.1988) as a "somewhat analogous case." In *Hinkson,* the FDIC filed suit after the federal statute of limitations contained in 28 U.S.C. § 2415(a) [2] had expired, but within the time allowed by state law. The court held that the statute of limitations contained in § 2415(a) was exclusive, and that the FDIC could not proceed under the longer state limit. The problem with this analogy is that the language in § 2415(a) is materially different from the language in § 1821(d)(14), the latter being broader and more favorable to

---

**2.** Section 2415(a) reads: "[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or in

fact, shall be barred unless the complaint is filed within six years after the right of action accrues...."

the federal government. Indeed, § 1821(d)(14) of FIRREA seems designed in part to rectify holdings like *Hinkson* by providing that the FDIC/RTC may proceed under an unexpired state limit, if that limit is longer than the three years specifically provided in the statute.

In *FDIC v. McSweeney,* 976 F.2d 532 (9th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 2440, 124 L.Ed.2d 658 (June 1, 1993), the court applied 12 U.S.C. § 1821(d)(14)(B) to restart the four-year California statute of limitations for breach of fiduciary duty. As in this case, the action was against the former directors of a failed savings and loan. The main contention of the defendants in that case was that the FDIC was attempting to revive "stale claims" which allegedly had lapsed under state law before FSLIC was appointed conservator. The court held that the claims had not expired when FSLIC was appointed, and went on to hold that the "statute of limitations began to run anew when the FSLIC was appointed...." *Id.* at 536.

Defendants' narrow construction of the FIRREA statute of limitations is squarely contradicted in the legislative history of FIRREA itself. The court in *New Hampshire Ins. Co.,* 953 F.2d at 487 n. 2, quotes Senator Riegle, sponsor of the bill in the United States Senate, who made it clear that Congress intended the statute of limitations periods in FIRREA to be construed in the broadest possible manner in order to maximize the federal government's right to pursue claims as successors of the failed financial institutions that formerly owned those claims:

> [The statute of limitations provisions] are of utmost importance. Extending these limitations periods will significantly increase the amount of money that can be recovered by the Federal Government through litigation.... The provisions should be construed to maximize potential recoveries by the Federal Government by preserving to the greatest extent permissible by law claims that would otherwise have been lost due to the expiration of hitherto applicable limitations periods.

135 Cong.Rec. S10205 (Daily Ed. Aug. 4, 1989). Because such a construction is completely consistent with the plain language of the statute in this case, there is no reason not to hold that the appointment of FSLIC "restarted" the four-year state statute of limitations and that the claims were therefore timely filed.

■ **Failure to State a Claim.** Defendants argue that some of the transactions described in the complaint do not expressly state that Sandia suffered a loss as a result of those transactions, that no foreclosure is alleged, and that there are no allegations of any deficiency. The Court holds that the complaint fairly puts defendants on notice that RTC seeks to hold them responsible for losses resulting from all those transactions described in the complaint according to proof at trial. The complaint pleads the duty of the defendants by identifying them as former directors of Sandia. The complaint clearly alleges that defendants breached their duties of care to Sandia by, among other things, failing to change their loan policies in the face of repeated regulatory warnings and by approving six defective loan transactions, and allegations of causation and breach are expressly stated in ¶¶ 56 through 61, and are also fairly implied throughout the complaint itself. The exact circumstances of how the losses were liquidated and the exact amount of damages flowing from those transactions can be developed through discovery. Therefore, the complaint is not deficient.

NOW, THEREFORE, IT IS ORDERED that Defendants' Motion to Dismiss filed March 8, 1993 should be, and hereby is, DENIED.