Fabricant, J.
INTRODUCTION
The plaintiff, IAG Federal Credit Union, brought this action to collect a deficiency balance from a foreclosure sale instituted after the defendant, Rolande Alexandre, defaulted on a promissory note. Alexandre claims that this action is barred by the statute of limitations. This matter is before the court on defendant Alexandre’s motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons set forth below, the defendant’s motion to dismiss is ALLOWED.
BACKGROUND[1]
On April 26, 1988, the defendant, Rolande Alexandre, executed a promissory note to Progressive Consumers Federal Credit Union (“Progressive”) in the amount of $51,700.00, secured by a mortgage on property in Chelsea. The National Credit Union Administration Board (“Board”) placed Progressive under conservatorship on February 15, 1991. Alexandre defaulted on the note, and Progressive foreclosed on the property in Chelsea on May 4, 1992. A deficiency balance remained of $27,693.28. The Board appointed itself liquidating agent of Progressive on January 25, 1994, and on January 31, 1994, it sold all of Progressive’s assets to the plaintiff, IAG Federal Credit Union (“IAG”). IAG brought this action against Alexandre on July 2, 1998 to collect the deficiency balance.
DISCUSSION
For purposes of a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), the allegations of fact in the complaint must be treated as true and the plaintiff is entitled to all favorable inferences. General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). A motion to dismiss should be granted only if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." General Motors Acceptance Corp., 413 Mass. at 584, quoting Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
This action is governed by the statute of limitations provision in 12 U.S.C. §1787(b)(14) (1988) regarding credit unions under the control of the Board. The provision reads, in pertinent part, (14) Statute of limitations for actions brought by conservator or liquidating agent.
(A) In general. Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Board as conservator or liquidating agent shall be—
(i) in the case of any contract claim, the longer of—
(I) the 6-year period beginning on the date the claim accrues; or
(II) the period applicable under State law . . .
(B) Determination of the date on which a claim accrues. For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of—
(i) the date of appointment of the Board as conservator or liquidating agent; or
(ii) the date on which the cause of action accrues.
The parties agree that, under this provision, the applicable limitations period is six years. They disagree, however, as to when the six years began to run in this case. The defendant argues that the six year limitations period runs from the later of either accrual of the cause of action, or the earlier of the appointment of the'Board as either conservator or liquidating agent, rather than the later of those two appointments. Here, since the cause of action accrued after the earlier of the appointment of the Board as either conservator or liquidator, the accrual of the cause of action would be the governing date, and this action would be time-barred.[2] The plaintiff argues that the six year limitations period runs from the later of three distinct events: the date the Board is appointed as conservator, the date of the Board’s appointment as liquidating agent, and the date the cause of action accrues. Here, since the two appointments occurred years apart, with accrual of the cause of action between the two, this reading would result in the limitations period ending six years after appointment of the Board as liquidator, nine years after its appointment as conservator and nearly eight years after accrual of the cause of action.
Neither party cites either cases or legislative history addressing this question, nor has the Court identified any. Both sides rely on the plain language of the statute, which offers some support to both. Ultimately, the Court is persuaded that the defendant’s interpretation is more consistent with the statutory purpose, as that purpose appears from the provisions of the statute.
The purpose of §1787(b) (14) is to give the Board[3] six years in which to pursue a contract claim. To accomplish that purpose, the statute must make the six year period run from a time when the Board is in a position to act on the claim. The Board is in position to act when both of two events have occurred: 1) the cause of action has accrued; and 2) the Board has been appointed to a position giving it rights under the *309 contract. Appointment as either conservator or liquidator places the Board in such a position, regardless of whether a subsequent appointment in another capacity follows. Thus, the first such appointment fulfills that requirement. It follows that the limitations period begins to run upon the later of 1) the first such appointment, and 2) accrual of the cause of action. The contrary reading, advanced by the plaintiff, would give the Board two separate six year periods, one as conservator, and another as liquidating agent. Depending on the time of accrual of the cause of action, in some cases the Board could have a total of nearly twelve years in which to act. That result would go well beyond the apparent purpose of the statute to allow the Board six years in which to act.
Case law construing an analogous provision of Title 12 supports this conclusion. Section 1821(d)(14)(B)(i-ii) (1988) concerns the FDIC in its capacity as conservator or receiver of federally-chartered banks. Under that provision, like the one in issue here, the FDIC may sue within six years of the later of “(i) the date of appointment of the [FDIC] as conservator or receiver; or (ii) the date on which the cause of action accrues.” No cases under this provision directly address the issue presented here. In resolving related issues, however, the cases consistently refer to the date of the FDIC’s appointment, either as conservator or receiver, as a single occurrence, to be compared to the date of accrual of the cause of action as another single occurrence. E.g. Cadle Co. v. 1007 Joint Venture, 82 F.3d 102, 105 (5th Cir. 1996) (limitation provision in § 1821 (d) (14) (B) “begins to run on the later of‘the date of the appointment of the [FDIC] as conservator or receiver’ or ‘the date on which the cause of action accrues’ ” (emphasis in original)); F.D.I.C. v. Zibolis, 856 F.Supp. 57, 59-60 (D.N.H. 1994) (claim accrues on either “the date of the appointment of the FDIC as receiver” or the date on which the cause of action accrues); Resolution Trust Corporation v. Foley, 829 F.Supp. 352, 354 (D.N.M. 1993) (date on which claim accrued was either “the date of appointment” or date on which cause of action accrued). This emphasis on the division between the appointment provision in (i) and the cause of action provision in (ii) suggests that these courts have read the statute as contemplating two separately functioning occurrences, not three. This reading is entirely consistent with the statutory purpose to give the federal agency six years to act; the time limit begins when the agency has the power to act, and lasts a full six years, but not more, from that date.
The Court is cognizant of the taxpayer interest in maximizing the value of assets liquidated by the Board after the failure of a federally-chartered credit union. It is that interest that underlies federal preemption of the shorter statute of limitations that would otherwise apply under state law. See FDIC v. Bledsoe, 989 F.2d 805, 807 (5th Cir. 1993); G.L.c. 244, §17A. Strong as the taxpayer interest is, however, it did not lead Congress to grant the Board unlimited time. Having weighed the taxpayer interest against the legitimate interests of debtors such as the defendant here, Congress granted the Board a six year period in which to sue. Here, the cause of action accrued on May 4, 1992, the date of the foreclosure sale, when the deficiency balance was first realized. As of that date, the Board had already been appointed as receiver, and thus already had the right to sue on the claim. The Board nevertheless failed to act until after six years had passed. Accordingly this claim is time barred under § 1787(b) (14) (B) (i-ii).

Although both parties rely on facts not established in the pleadings, neither party has submitted any affidavits or other evidentiary materials. The facts recited herein are those on which the parties’ memoranda indicate that they agree.

The parties agree that the cause of action accrued at the time of the foreclosure sale, since that was when the deficiency arose.

The parties agree that the same rule applies to any assignee of the Board, such as the plaintiff here.