This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LARRY TROUBLEFIELD,**

Plaintiff-Appellant,

v.                                                          **NO. 29,088**

**FENN FOODS, INC.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Templeman & Crutchfield
C. Barry Crutchfield
Lovington, NM

for Appellant

Wagner Ford Law, P.A.
Lisa P. Ford
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Plaintiff Larry Troublefield appeals the grant of summary judgment in favor of

Defendant, Fenn Foods, Inc. The district court held that Plaintiff's claim was barred

by the statute of limitations because it was not filed until over three years after he was injured in Defendant's store. We affirm, concluding that Plaintiff's claim accrued on the same day of the accident because there is no factual dispute that Plaintiff immediately knew that he suffered injuries.

**BACKGROUND**

Plaintiff was knocked to the ground and injured in Defendant's grocery store on September 5, 1999, when he was struck by a cart being pushed by Defendant's employee. Plaintiff filed suit against Defendant on April 18, 2003, approximately three years and seven months later. The district court granted summary judgment in favor of Defendant based on the three-year statute of limitations. Plaintiff argues that his suit is not barred by the statute of limitations because the statute was tolled until at least April 25, 2000, because it wasn't until then that he linked his throat injury to his fall at the grocery store.

As a result of his fall, Plaintiff immediately suffered bruises, scratches, and a bleeding wrist. Later the same day, he noticed that he could not swallow as he did before his fall: when he drank water it caused him to choke. Plaintiff received medical care for his injuries, and as of December 1999 he had been diagnosed with bilateral ankle sprains or contusions, a left wrist sprain, and a forearm laceration.

However, Plaintiff's treating physician was unable to find objective evidence of Plaintiff's swallowing symptoms and recommended more testing.

Plaintiff had experienced similar swallowing problems in the past relating to screws and bracing placed in his neck in 1998 in order to treat a prior medical problem unrelated to his fall at Defendant's store. In an apparent attempt to treat Plaintiff's renewed swallowing symptoms, the screws and bracing were removed in April 2000. After Plaintiff's swallowing symptoms did not improve, Plaintiff attributed his swallowing symptoms to his fall at Defendant's store. He argues that the statute of limitations was tolled until April 2000 because the cause of his swallowing symptoms was not discoverable until the screws and bracing were removed and his symptoms did not improve.

**STANDARD OF REVIEW**

Plaintiff does not challenge any of the district court's factual findings and argues only that the district court erred as a matter of law in concluding that his claim is barred by the statute of limitations. "An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo. Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *In re Cable Family Trust*, 2010-

NMSC-017, ¶ 9, __ N.M. __, __ P.3d __ (internal quotation marks and citation omitted).

**DISCUSSION**

Plaintiff does not dispute that NMSA 1978, Section 37-1-8 (1976) applies to his claim and bars personal injury actions "not brought within three years of accrual of the cause of action." *Maestas v. Zager*, 2007-NMSC-003, ¶ 15, 141 N.M. 154, 152 P.3d 141 (internal quotation marks and citation omitted). The sole issue on appeal is whether there is a genuine issue of material fact as to the time of accrual of Plaintiff's cause of action for injuries sustained from his fall at Defendant's store. Plaintiff argues that his claim did not accrue until approximately seven months after he was injured because it wasn't until then that a medical treatment removing screws and bracing from his neck failed to remedy his condition. We cannot agree that these facts present a genuine issue as to the time of accrual of Plaintiff's cause of action.

Plaintiff relies on *Peralta v. Martinez*, 90 N.M. 391, 394, 564 P.2d 194, 197 (Ct. App. 1977), *modified by Maestas*, 2007-NMSC-003, to argue that a cause of action for personal injury does not accrue until the time an injury "manifests itself . . . and is ascertainable." In *Peralta*, the plaintiff brought a medical malpractice claim against a doctor who had operated on him nearly five years earlier. *Id.* at 392, 564 P.2d at 195. However, the cause of the plaintiff's injury—that a "cottonoid" had been left in the plaintiff's body after surgery—was not discovered until over two years after the original surgery. *Id.* Under those facts we concluded that the claim was not

barred by the statute of limitations because the injury did not "manifest[] itself in a physically objective manner *and* [become] ascertainable" until the cottonoid was discovered. *Id.* at 394, 564 P.2d at 197 (emphasis added). However, *Peralta* is not helpful here for two reasons: (1) its application of the "manifest and ascertainable" test has become obsolete, and (2) it dealt with a medical malpractice issue that presents policy considerations distinguishable from the case at bar.

The holding in *Peralta* is obsolete. In cases subsequent to *Peralta*, the time of accrual of a cause of action in medical malpractice has turned on the applicability of the Medical Malpractice Act (MMA) and, more specifically, the language of the applicable statute of limitations. In *Cummings v. X-Ray Associates of New Mexico, P.C.*, 1996-NMSC-035, ¶ 47, 121 N.M. 821, 918 P.2d 1321, the New Mexico Supreme Court identified two rules for determining the time of accrual: the occurrence rule, and the discovery rule. Where a cause of action is brought under the MMA, the "occurrence rule" applies and those causes of action accrue at the time of the negligent act, not the date of discovery. *See id.* ¶¶ 48, 50-51 (interpreting NMSA 1978, Section 41-5-13 (1976), which states that claims for medical malpractice must be "filed within three years after the date that the act of malpractice occurred"). However, in personal injury cases falling outside of the MMA where, as here, Section 37-1-8 applies, the discovery rule applies and a cause of action accrues when "the

6

plaintiff knows or with reasonable diligence should have known of the injury and its cause." *Maestas*, 2007-NMSC-003, ¶ 18 (internal quotation marks and citation omitted). Thus, the "manifest and ascertainable" test applied in *Peralta* is now obsolete because it describes neither the occurrence rule nor the discovery rule. *See Maestas*, 2007-NMSC-003, ¶ 20 (explaining that (1) under the occurrence rule, accrual hinges strictly on the date of the act of negligence; and (2) *Peralta* explicitly held that the language "manifest and ascertainable" does not describe a discovery rule).

In addition, the discovery rule is applied somewhat uniquely in personal injury cases for medical malpractice (non MMA cases) based on policy considerations not applicable to the case at bar. In *Maestas*, the Court recognized several policy considerations unique to medical malpractice claims which justified use of the discovery rule where the MMA does not apply:

> The victim of medical malpractice is in a vulnerable position and should not be punished for his or her lack of medical expertise. Although the plaintiff in a medical malpractice case may not require any special knowledge or training to know that she *suffers* from pain, in the absence of such knowledge or training, she may be unable to ascertain the *cause* of that pain. . . . The disparity between doctors and patients places a duty on the law to protect the patient from injury caused by a negligent act of a physician. Included within that duty is an obligation to ensure that a person of ordinary diligence has an adequate period of time to pursue his claim.

7

*Maestas*, 2007-NMSC-003, ¶ 19 (internal quotation marks and citations omitted). Plaintiff does not explain how any of these policy considerations are analogous here such that the rule as articulated in *Peralta* should apply to his claim. Thus, to the extent that the policy justification for the holding in *Peralta* continues to carry persuasive weight in some cases, it is not helpful here.

In general, a personal injury cause of action accrues once a plaintiff suffers a loss or injury. In *Bolden v. Village of Corrales*, 111 N.M. 721, 722, 809 P.2d 635, 636 (Ct. App. 1990), the plaintiff was certain that she had suffered a loss or injury when she fell in the defendant's ditch and hurt her ankle. *Id.* The fact that she was later diagnosed with a more severe or different injury than she may have initially realized did not toll the statute of limitations. *Id.* The facts in *Bolden* were distinguishable from medical malpractice cases where injuries had been "inherently unknowable." *Id.*

We recognize that in *Bolden* we considered the now obsolete "manifest and ascertainable" language from *Peralta*. However, our analysis of that case is consistent with the discovery rule later articulated in *Maestas*, 2007-NMSC-003, ¶ 18. Specifically, in *Bolden*, we concluded that the statute of limitations began to run when the plaintiff knew of her injury and its cause, and that the facts of that case were distinguishable from *Peralta*. *Bolden*, 111 N.M. at 722, 809 P.2d at 636. We stated

8

that "[i]t is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run." *Id.* "Once plaintiff suffers loss or injury, the statute begins to run." *Id.*

Pursuant to *Bolden*, Plaintiff's cause of action accrued on the day he was knocked down in Defendant's store. There is no factual dispute that Plaintiff was aware that he had suffered injuries as a result of being struck by Defendant's employee on September 5, 1999. Plaintiff also knew that he developed a renewed swallowing problem the same day of the accident that had not existed before the accident. Thus, as in *Bolden*, it was immediately apparent to Plaintiff that he was injured and the cause of his injuries. *Id.* The fact that Plaintiff may not have fully understood the extent of his throat condition—whether or not removal of the screws and bracing would remedy the problem—does not negate his knowledge that a swallowing condition and other nonnegligible injuries occurred immediately after the accident. *See id.* (stating "[t]he fact that the full extent of the injury was not known does not affect the running of the statute of limitations"); *see also, Martinez v. Showa Denko K.K.*, 1998-NMCA-111, ¶¶ 21-22, 125 N.M. 615, 964 P.2d 176 (holding that the discovery rule under Section 37-1-8 began to run when the plaintiff knew of her injury and could have reasonably attributed its cause to the defendant even before any definitive medical diagnosis was made).

**CONCLUSION**

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Defendant because Plaintiff's claim is barred by the statute of limitations.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**TIMOTHY L. GARCIA, Judge**